Case 1:05-cv-01094 (RBW)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELISABETH KIDDER
2587 HYDRAULIC ROAD APT C
CHARLOTTESVILLE, VA 22901
(434) 409-0131

### CIVIL ACTION NO. 1:05-cv-1094 (RBW)

FEDERAL BUREAU OF INVESTIGATION
9TH AND PENNSYLVANIA AVENUE, NW
WASHINGTON, D.C. 20535

DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON DC 20530

### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R.Civ.P. 56, Plaintiff moves for summary judgment. As grounds for this motion, Plaintiff asserts that there are no genuine issues of material fact in dispute and that she is entitled to judgment as a matter of law. A memorandum of points and authorities, a statement of genuine issues of material fact not in dispute, an affidavit and exhibits in support of this motion, and a proposed order granting the relief sought have been included as attachments to this motion.

Respectfully Submitted,

Elisabeth T. Kidder
2587 Hydraulic Rd. Apt C
Charlottesville, VA 22901
(434) 409 - 0131

1:05-cv-1094 (RBW)

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELISABETH KIDDER
2587 HYDRAULIC ROAD APT C
CHARLOTTESVILLE, VA 22901
(434) 409-0131

### CIVIL ACTION NO. 1:05-cv-1094 (RBW)

FEDERAL BUREAU OF INVESTIGATION
9TH AND PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20535

DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON DC 20530

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
### PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff submits this memorandum of points and authorities in support of her

Motion for Summary Judgment.

### INTRODUCTION

This case concerns whether the Federal Bureau of Investigation ("FBI") violated

the Freedom of Information Act ("FOIA") by withholding agency records responsive to

Plaintiff's FOIA request, and by failing to make a determination on Plaintiff's

administrative appeal.

### FACTS

By letter invoking the Freedom of Information Act, mailed on January 8, 2005, to

the FOIPA Section of the FBI, plaintiff requested, "all records concerning Ahmed Abu

Ali, the Falls Church Virginia resident currently detained in Saudi Arabia. This request

includes, but is not limited to: minutes of meetings, notes, correspondence, submissions,

1:05-cv-1094 (RBW)

reports, memoranda, electronic mail, and staff calendars and appointment books." Letter from Kidder to FBI of 1/8/05 (Ex. A to Pl.'s Mot. For Summ. J., at 1). Defendant FBI denied Plaintiff's request by letter dated January 25, 2005, citing exemptions "(b)(6) and/or (b)(7)(C) of the FOIA." Letter from Hardy to Kidder of 1/25/05 (Ex. B to Pl.'s Mot. For Summ. J., at 1).

Plaintiff appealed the FBI's denial by letter mailed on February 2, 2005 to Co-director, Office of Information Privacy, U.S. Department of Justice ("DOJ"), giving a detailed analysis of why FOIA exemptions (b)(6) and (b)(7)(C) were inapplicable to the records at issue, and requested expedited processing of her appeal and her request for records. Letter from Kidder to Co-director, Office of Information Privacy, U.S. Department of Justice of 2/2/05 (Ex. C to Pl.'s Mot. For Summ. J. at 1-4).

By letter dated February 18, 2005, Richard L. Huff, Co-Director of the Office of Information Privacy informed Plaintiff that her appeal had been assigned number 05-1008, denied Plaintiff's request for expedited processing, and instructed Plaintiff to seek judicial review should she be dissatisfied. Letter from Huff to Kidder of 2/18/05 (Ex. D to Pl.'s Mot. For Summ. J., at 1-2). Defendants did not inform Plaintiff in this letter (nor have they ever so informed her) whether the FBI had determined to grant or deny her administrative appeal.

Pursuant to 5 U.S.C. § 552(a)(6)(A)(ii), Defendants were required to make a determination on whether to grant Plaintiff's FOIA appeal within 20 days (March 9, 2005). Plaintiff waited nearly three months for a determination on her appeal before filing this action on June 2, 2005. See Compl.

1:05-cv-1094 (RBW)

Following Defendants' failure to make a determination on Plaintiff's appeal within the time allowed by statute and their failure to seek an extension as provided in 5 U.S.C. § 552(a)(6)(B), Defendants continued their delinquency in the performance of their statutory duties under the FOIA by failing to timely file a response in this action. On February 13, 2006, more than eight months after Plaintiff initiated this action, Defendants finally filed a responsive pleading, in which they gave no explanation for their failure to make a timely determination on Plaintiff's administrative appeal and cited no FOIA exemptions to justify their continued withholding of the documents requested by Plaintiff.

ARGUMENT

**Background on the FOIA**

Congress' purpose in enacting the Freedom of Information Act, 5 U.S.C. § 552, was "to ensure an informed citizenry, vital to the functioning of a democratic society." NLRB v. Robbins Tire & Rubber Co., 437 U.S. 214, 242 (1978), quoted in U.S. Dept. of Justice v. Tax Analysts, 492 U.S. 136, 142 (1989). The Act "seeks to permit access to official information long shielded unnecessarily from public view and ... to create a judicially enforceable public right to secure such information from possibly unwilling official hands." John Doe Agency v. John Doe Corp., 493 U.S. 146, 151-52 (1989) (internal quotation marks omitted). See also Halpern v. FBI, 181 F.3d 279, 286 (2nd Cir. 1999) (The Act's "most basic premise [is] a policy strongly favoring public disclosure of information in the possession of federal agencies."). In light of this, the Supreme Court has declared that, "[d]isclosure, not secrecy, is the dominant purpose of the Act." Department of the Interior v. Klamath Water Users Protective Assn., 532 U.S. 1, 8

1:05-cv-1094 (RBW)

(2001) (quoting Department of the Air Force v. Rose, 425 U.S. 352, 361 (1976)).

According to the House Conference report for P.L. 93-502, it was Congress's intent in

amending the FOIA, "that the affected agencies be required to respond to inquiries and

administrative appeals within specific time limits." House Report No. 93-876, H.R. Rep.

No. 876, 93rd Cong., 2nd Sess., 1974 U.S.C.C.A.N. 6267, 6271 (Mar. 5, 1974). One of

the two time limits that trigger constructive exhaustion is 5 U.S.C. § 552(a)(6)(A)(ii),

under which an agency has "twenty days (excepting Saturdays, Sundays, and legal public

holidays) after receipt of . . . [an administrative] appeal" to "make a determination" on

the appeal.

FOIA cases are typically decided on motions for summary judgment. See e.g.

Natural Desert Ass'n v. Gutierrez, 409 F. Supp. 2d 1237 (D. Or. 2006) (granting

summary judgment to plaintiff requestor). In McGehee v. C.I.A., the court declared that

the FOIA,

> imposes on the courts the responsibility to ensure that agencies comply with their
> obligation to 'make... records promptly available to any person' who requests
> them unless a refusal to do so is justified by one of the Act's specific, exclusive
> exemptions. Especially where ... an agency's responses to a request for
> information have been tardy and grudging, courts should be sure they do not
> abdicate their own duty.

697 F.2d 1095, 1114 (D.C. Cir. 1983). Pursuant to 5 U.S.C. § 552(a)(4)(B), a federal

district court is authorized to "enjoin the agency from withholding agency records and to

order the production of any agency records improperly withheld." See St. Andrews Park,

Inc. v. United States Dep't of the Army Corps of Eng'rs, 299 F. Supp. 2d 1264, 1269 (D.

Fla. 2003) (granting summary judgment to plaintiff FOIA requestor where agency failed

to provide any explanation as to why responsive documents were not produced). It is

relief under this provision that Plaintiff seeks.

1:05-cv-1094 (RBW)

**A.    Summary Judgment Standard**

Under Rule 56(a) of the Federal Rules of Civil Procedure, a plaintiff may move

for summary judgment at any time after 20 days have elapsed from the time the action

was commenced. <u>See</u> Fed. R. Civ. P. 56(a). This action was commenced more than nine

months ago, and summary judgment is therefore available to the Plaintiff. A court may

grant summary judgment when the pleadings show there is no genuine issue of material

fact in dispute and the moving party is entitled to judgment as a matter of law. Fed. R.

Civ. P. 56(c). <u>See</u> <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-49 (1986).

**B.    Plaintiff is Entitled to Production of the Records Withheld by the FBI**

**1. Plaintiff Has Exhausted Her Administrative Remedies**

In a FOIA case, a plaintiff must allege that she has exhausted the administrative

remedies required by the agency in question. <u>Spannaus v. U.S. Dep't of Justice</u>, 824 F.2d

52, 58 (D.C. Cir. 1987), (citing <u>Stebbins v. Nationwide Mutual Insurance Co.</u>, 757 F.2d

364 (D.C. Cir. 1985)). Under the Act, "exhaustion is complete -- for purposes of allowing

recourse to the courts -- on the expiration of specified deadlines." 5 U.S.C. §

552(a)(6)(C)(i). Specifically, a requestor "shall be deemed to have exhausted his

administrative remedies with respect to such request if the agency fails to comply with

the applicable time limit provisions of this paragraph." <u>Id.</u> One of these time limit

provisions is the twenty days an agency has to make a determination on a requestor's

administrative appeal. 5 U.S.C. § 552(a)(6)(A). After that time passes, FOIA provides

that a requester "shall be deemed to have exhausted his administrative remedies," and suit

can thereafter be properly filed. See <u>Allen v. F.B.I.</u>, 551 F. Supp. 694 (D.D.C. 1982)

1:05-cv-1094 (RBW)

(citing Marschner v. Department of State, Secretary of State, 470 F. Supp. 196 (D. Conn.

1979) and Information Acquisition Corp. v. Department of Justice, 444 F. Supp. 458

(D.D.C. 1978)).

Plaintiff's FOIA request, received on January 8, 2005, and stamped "Opened and

Inspected" on January 14, 2005, was denied by the FBI by letter dated January 25, 2005.

See Letter from Hardy to Kidder of 1/25/05 (Ex. B to Pl.'s Mot. For Summ. J., at 1-2). In

this denial letter, the FBI cited "Exemptions (b)(6) and/or (b)(7)(C) of the FOIA," and

directed Plaintiff to appeal the denial "by writing to the Co-Director, Office of

Information Privacy, United States Department of Justice." See Id. Plaintiff appealed this

denial according to the agency's instructions, by letter dated February 2, 2005, received

by the Co-Director of the Office of Information and Privacy at the U.S. Department of

Justice on February 8, 2005. See Letter from Kidder to Co-director, Office of Information

Privacy, U.S. Department of Justice of 2/2/05 (Ex. C to Pl.'s Mot. For Summ. J., at 1-6).

By letter dated February 18, 2005 and postmarked February 19, 2005, Richard L. Huff,

Co-Director of the Office of Information and Privacy at the U.S. Department of Justice,

assigned Plaintiff's appeal number 05-1008, and denied Plaintiff's request to expedite her

appeal. See Letter from Huff to Kidder of 2/18/05 (Ex. D to Pl.'s Mot. For Summ. J., at

1-2). This letter did not make a determination on Plaintiff's appeal; a fact admitted by the

Defendants. See Defs.' Answer at 2 ¶ 9. Plaintiff did not receive a determination on her

appeal within the 20-day limit imposed by the FOIA, nor did she receive any

correspondence from the FBI or DOJ prior to filing this suit on June 2, 2005, and she has

not received a determination on her appeal to this date. Id.

1:05-cv-1094 (RBW)

Defendants have failed to comply with FOIA's time limits. More than twenty days

passed between the DOJ's receipt of the Plaintiff's appeal and the commencement of this

action. More than one year has passed since the date the DOJ received Plaintiff's appeal

on February 8, 2005. (Ex. C. to Pl.'s Mot. For Summ. J. at 5-6.) The time for the

Defendants to rule on the Plaintiff's appeal elapsed before the commencement of this

lawsuit, and Plaintiff has therefore constructively exhausted her administrative remedies.

## 2. Defendants Have Agency Records Falling Squarely Within the Scope of Plaintiff's FOIA Request

Two requirements must be met to identify records requested under the FOIA as

agency records: (1) the agency must create or obtain the materials and (2) the agency

must be in control of the requested records, meaning that the agency physically possesses

the document. United States DOJ v. Tax Analysts, 492 U.S. 136, 145 (1989) (interpreting

"control" to mean "the materials have come into the agency's possession in the legitimate

conduct of its official duties."). Where the requested documents have been obtained or

created by the receiving agency, the FOIA provides that the documents must be made

available to any member of the public unless specifically exempted by the Act itself.

Washington Post v. United States Dep't of State, 632 F. Supp. 607, 611 (D.D.C. 1986)

(citing Vaughn v. Rosen, 484 F.2d 820, 823 (D.C. Cir. 1973)).

To this date, in derogation of the agency's duty under the FOIA, the FBI has

refused to notify Plaintiff as to the existence of responsive documents. Despite this, the

Plaintiff has determined that the FBI does have in its possession records that fall within

the scope of Plaintiff's FOIA request. (See, U.S. v. Abu Ali, 395 F. Supp. 2d 338, 348-

1:05-cv-1094 (RBW)

49 (E.D.Va., 2005) (referencing (1) an email message concerning Mr. Abu Ali sent by

Special Agent Maria Joycs to her supervisors at the FBI on June 10, 2003; (2) a

memorandum from the Saudi Mabahith to the FBI dated June 9, 2003 concerning Mr.

Abu Ali; (3) a reply memorandum from Agent Joycs to the Saudis dated June 10, 2003;

(4) a response to Agent Joycs' memorandum from the Saudis dated June 12, 2003; (5) a

13 question memorandum prepared by Agent Joycs and Agent Glenn Posto for

submission to the Mabahith interrogators to ask Mr. Abu Ali during a June 15, 2003

interrogation; a transcript prepared by language analysts for the FBI of the June 15, 2003

interrogation of Mr. Abu Ali, certified by Mr. Alex Daghestani; an email message

concerning Mr. Abu Ali written by Agent Eduardo Sanchez; notes created by FBI Special

Supervisory Agent Luke Kuligoski during interrogations of Mr. Abu Ali in the Riyadh

prison during the month of September, 2003; medical documents on Mr. Abu Ali

requested from the Mabahith by the FBI in July 2004, and provided in January 2005; CD-

ROMs of taped phone calls of Mr. Abu Ali, requested by the FBI in July 2004, and

produced by the Saudis in January 2005; the transcripts of translations made by the FBI

of several taped phone calls between Mr. Abu Ali and his parents while he was in Saudi

custody)). These records are undoubtedly only a small fraction of the agency records that

fall within the scope of the Plaintiff's request.

### 3. Defendants Have Withheld Agency Records from Plaintiff

Under 5 U.S.C. § 552(a)(3)(A), an agency receiving a FOIA request must make

records "promptly available." Defendants have not released any records to Plaintiff.

Defendants have neither alleged, nor produced evidence showing that they conducted a

1:05-cv-1094 (RBW)

reasonable search for all responsive documents. See Miller v. United States Dep't of State, 779 F.2d 1378, 1383 (8th Cir. 1985) (an agency bears the burden of showing that it "thoroughly searched for the requested documents where they might reasonably be found.").

### 4. Defendants' Withholding of Agency Records is Improper

There is a presumption under the Freedom of Information Act in favor of disclosure. Dept. of the Air Force, 425 U.S. at 360-61. See also Stokes v. Brennan, 476 F.2d 699, 700 (5th Cir. 1973) ("[D]isclosure of material in government files has now become the rule, not the exception."). Upon request, the FOIA requires disclosure of records held by a federal agency, unless the documents fall within enumerated exemptions. DOI v. Klamath Water Users Protective Ass'n, 532 U.S. 1, 7 (U.S. 2001). The Defendants have the burden of proof to show that a FOIA exemption applies to the records that they are withholding. Anderson v. Dept. of Health, 907 F.2d 936 (10th Cir. 1990). Defendants cite no FOIA exemptions in their responsive pleading to justify withholding all agency records from Plaintiff. (See Defs.' Answer.)

Even if Defendants were to allege that the records in question are exempt under the provisions cited in their initial response to Plaintiff's FOIA request (see Ex. B to Pl.'s Mot. For Summ. J. at 1), the withholding of these records by the FBI is still improper under the FOIA. This is in part because exemptions (b)(6) and/or (b)(7)(C) do not apply to Plaintiff's request, for the reasons detailed in Plaintiff's administrative appeal, and incorporated by reference herein. See Ex. C to Pl.'s Mot. For Summ. J. at 1-4. The FBI's withholding of these agency records is also improper because, even if a FOIA exemption

1:05-cv-1094 (RBW)

applies to a record, the nonexempt portions of the record must be produced. 5 U.S.C. § 552(b). Furthermore, Defendants' withholding of documents is improper because they have not made a timely determination of Plaintiff's administrative appeal. Or. Natural Desert Ass'n v. Gutierrez, 409 F. Supp. 2d 1237 (D. Or. 2006) ("defendants failed to make a timely determination, resulting in an improper withholding under the Act); Gilmore v. United States Dept. of Energy, 33 F. Supp. 2d 1184, 1188 (N.D. Cal. 1998) (untimely determination constituted an improper withholding in violation of FOIA).

Under the Department of Justice's own guidelines, even in the case that "unusual circumstances" exist that prevent a component of the DOJ from meeting the FOIA's statutory guidelines, that component is still required to, "notify the requester in writing of the unusual circumstances and of *the date by which processing of the request can be expected to be completed.*" 28 CFR § 16.5(c)(1) (emphasis added). More than a year has elapsed since Plaintiff's appeal, and the FBI has still not provided a date by which processing of Plaintiff's FOIA request will be complete. Furthermore, when a component needs more than 10 working days, it is required to "provide the requester with an opportunity either to modify the request so that it may be processed within the time limits..." Id. Again, the FBI has not done this.

**5. Plaintiff is Entitled to Expedited Processing of her Request and Appeal.**

In her administrative appeal, Plaintiff requested expedited processing of her appeal and her FOIA request. See Ex. C to Pl.'s Mot. For Summ. J., at 1. According to the Department of Justice's guidelines, a request for expedited processing will be granted if it is determined that the request involves, "[a] matter of widespread and exceptional

1:05-cv-1094 (RBW)

media interest in which there exist possible questions about the government's integrity which affect public confidence." 28 C.F.R. § 16.5 (d)(iv). In her administrative appeal letter, Plaintiff explained that,

> [i]n the current climate of 'the war on terror,' detainee's rights, the Geneva Conventions, Alberto Gonzales' memorandum condoning torture, civil rights and the treatment of American Muslims [are] at the very top of the list of public concerns. The records that I am seeking go to the very heart of these matters, and as such, are of great public importance. This is especially the case because the information requested is likely to implicate the United States government in very serious violations of the Constitution, domestic and international law.

See Ex. C to Pl.'s Mot. For Summ. J., at 3. Plaintiff also cited newspaper articles demonstrating media interest in the subject of her request. See Id. However, despite Plaintiff having amply satisfied the DOJ's guidelines in 28 C.F.R. § 16.5 (d)(iv), Defendants denied Plaintiff's request for expedited processing. See Ex. D to Pl.'s Mot. For Summ. J., at 1-2.

As was pointed out in Edmunds v. F.B.I., "[i]t is, of course, axiomatic that an 'agency is required to follow its own regulations.'" 2002 WL 32539613, 3 (D.D.C., 2002) quoting Cherokee National of Okla. v. Babbitt, 117 F.3d 1489, 1499 (D.C. Cir. 1997). In this case, Defendants have ignored DOJ regulations, the FOIA provisions and a long line of court precedent.

**C.    The Affirmative Defenses Alleged by Defendants Do Not Repudiate Plaintiff's Claim**

1:05-cv-1094 (RBW)

The Supreme Court has held that, "[t]he burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not 'agency records' or have not been 'improperly' 'withheld.'" Tax Analysts, 492 U.S. at 142 n. 3. See also Tax Analysts v. IRS, No. 05-0934, 2006 U.S. Dist. LEXIS 7072, at *23 (D.D.C. Feb. 27, 2006) ("FOIA requires disclosure of requested "agency records" -- including "any reasonably segregable portion of a record" -- absent a demonstration by the government that the materials fall within one of nine exemptions.") (citing 5 U.S.C. §§ 552(a)(3), 552(b) and Judicial Watch, Inc. v. Dep't of Energy, 412 F.3d 125, 128 (D.C. Cir. 2005)); Or. Natural Desert Ass'n v. Gutierrez, 409 F. Supp. 2d 1237 (D. Or. 2006) ("The burden is on the agency to demonstrate, not the requester to disprove, that the materials sought are not agency records' or have not been improperly withheld.'"); NRDC v. Nat'l Marine Fisheries Serv., 05 Civ. 5172, 2006 U.S. Dist. LEXIS 940, at * 9 (S.D.N.Y. filed Jan. 10, 2006).  Plaintiff, despite not having the burden to do so, has demonstrated that the FBI has improperly withheld agency records.  Defendants, on the other hand, have demonstrated only a lack of respect for their statutory duties under the FOIA.

## 1. Response to First Affirmative Defense: The FBI is an Agency Under the FOIA

Defendants assert as their first affirmative defense the claim that the FBI is not an "agency" as that term is used in the Freedom of Information Act and is, therefore, not a proper party to this action. This suggestion is entirely contrary to the FBI's website and conduct, to the language of the FOIA statute, and to the many court opinions that have interpreted that language.

1:05-cv-1094 (RBW)

Located at the url, http://foia.fbi.gov, is the "FBI's FOIA Website." On this

website the FBI states that it has "300 employees, most of whom are Legal

Administrative Specialists" in the "Record/Information/Dissemination Section (RIDS) of

the FBI's Records Management Division," which "consists of 11 Units whose shared

function is to intake, review, process, and *release information in response to FOIA* and

Privacy Act requests." See http://foia.fbi.gov (last visited February 28, 2006) (emphasis

added). On January 2, 2005, Plaintiff filled in the "FOIA Request Form" on the FBI's

website to create the FOIA request at issue in this case. See

http://foia.fbi.gov/filelink.html?file=/foia_request.pdf (last visited February 28, 2006).

The Freedom of Information Act defines "agency" to include, "any executive

department, military department, Government corporation, Government controlled

corporation, or other establishment in the executive branch of the Government (including

the Executive Office of the President), or any independent regulatory agency;" See 5

U.S.C. § 552(f)(1). See also, US Dept. of Justice, Entities Subject to the FOIA, Freedom

of Information Act Guide, May 2004, at http://www.usdoj.gov/oip/procereq.htm#entities

(last visited, March 6, 2006).

Courts have repeatedly held the Federal Bureau of Investigation, a unit of the

Department of Justice, to be an "agency" within the Freedom of Information Act. In fact,

the FBI has been recognized as a proper party to actions filed under FOIA for decades.

See Williams v. United States, 932 F. Supp. 354, 357 (D.D.C. 1996) (admonishing the

FBI for "[r]equiring five months to review 39 pages" of records requested under the

FOIA); Silets v. FBI, 591 F. Supp. 490, 499 (D. Ill. 1984) (for the purposes of the FOIA,

"the FBI may be considered as an "agency" separate from the Department of Justice.");

1:05-cv-1094 (RBW)

Miller v. Webster, 483 F. Supp. 883 (N.D. Ill. 1979), aff'd in part, rev'd in part on other

grounds, 661 F.2d 623 (7th Cir. 1981), and abrogated on other grounds by U.S. Dept. of

Justice v. Landano, 508 U.S. 165 (1993)) ("The legislative history to the 1974

amendments to the FOIA clearly indicates that the FBI is such an agency for FOIA

purposes. According to the legislative history, Congress intended the FOIA to apply to

criminal law enforcement authorities, and the FBI is such an authority."); Varona

Pacheco v. Federal Bureau of Investigation, 456 F. Supp. 1024, 1028 (D.C. Puerto Rico,

1978) ("defendants FBI, the Attorney General of the United States and Mr. Kelley, are

proper parties in this action."); Hamlin v. Kelley 433 F. Supp. 180, 181 (D.C. Ill. 1977)

("[T]he FBI has long been recognized as a proper party to actions filed under FOIA.").

Defendant FBI is an agency subject to the FOIA and is therefore a proper party to

this action.

**2. Response to Second Affirmative Defense: Plaintiff Has Exhausted Her**

**Administrative Remedies**

Plaintiff complied with the requirements of 5 U.S.C. § 552 and 28 CFR Part 16 in

exhausting her administrative appeal options. The DOJ's January 18, 2005 letter stating

that it "has a substantial backlog of pending appeals received prior to [Plaintiff's]," is not

a determination of Plaintiff's FOIA appeal. See Morrow v. F.B.I. 2 F.3d 642, 644 (5th

Cir. 1993) (FBI's letter notifying FOIA requestor that "his request would involve a 'delay

of many months,' does not qualify as an agency determination of a FOIA request.")

(citing Open Am. v. Watergate Special Prosecution Force, 547 F.2d 605, 608-610

(interpreting 5 U.S.C. § 552(a)(6)(A)(i) to require that an agency either comply with or

deny a FOIA request within [the specified time limit])).

1:05-cv-1094 (RBW)

Defendants' failure to issue a decision on Plaintiff's appeal within the time allowed by the FOIA resulted in the constructive exhaustion of any administrative remedies Plaintiff is required to pursue as a precondition to bringing a FOIA lawsuit. See 5 U.S.C. § 552(a)(6)(C)(i). See also Joint Comm. Print, Freedom of Information Act and Amendments of 1974 (P.L. 93-502), 94th Cong., 1st Sess. 178 (1975). ("[T]he time limits set in section [552(a)(6)] will mark the exhaustion of administrative remedies, allowing the filing of lawsuits after a specified period of time, even if the agency has not yet reached a determination whether to release the information requested.") Plaintiff's claim is ripe for judicial resolution.

**3. Response to Third Affirmative Defense: No Cognizable Defense Alleged**

The third heading of Defendants' Answer, labeled "Third Affirmative Defense," does not, insofar as Plaintiff could determine, actually allege any affirmative defense, but to the extent that any other affirmative defense is alleged, Plaintiff contends that it does not repudiate her claim. Furthermore, neither here, nor elsewhere in the Defendants' Answer do Defendants make any showing that they have conducted a reasonable search for the records requested by Plaintiff; have provided Plaintiff with all the records responsive to her request – or, in fact, *any* responsive records; or have properly withheld information.

**D.    Plaintiff Has Met her Burden to Show the Absence of a Genuine Issue of Material Fact**

The party moving for summary judgment has the burden to show the absence of a genuine issue concerning any material fact. See Sweats Fashions, Inc. v. Pannill Knitting Company. Inc., 833 F.2d 1560, 1563 (Fed. Cir. 1987). Courts have construed the term

1:05-cv-1094 (RBW)

"genuine issue" as one, "that properly can be resolved only by a finder of fact because [it] may reasonably be resolved in favor of either party." Garside v. Osco Drug, Inc., 895 F.2d 46, 48 (1st Cir. 1990) citing Anderson, 477 U.S. at 250. Such an issue exists "if there is 'sufficient evidence supporting the claimed factual dispute' to require a choice between 'the parties' differing versions of the truth at trial.'" Id. (citing Hahn v. Sargent, 523 F.2d 461, 464 (1st Cir. 1975) (quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968)).

The undisputed facts in this case entitle Plaintiff to judgment in her favor as a matter of law.

## CONCLUSION

Plaintiff has met her obligations under the FOIA and the Defendants' administrative appeal process, and her claim is therefore ripe for adjudication. In the Defendants' Answer, Defendants cite no FOIA exemptions, and provide no justification for withholding the documents requested by Plaintiff. See Defs.' Answer. There are no genuine issues of material fact in dispute in this case, and Plaintiff is entitled to judgment as a matter of law.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on March 6, 2006 in Charlottesville, Virginia.

Respectfully Submitted,

Elizabeth T. Kidder
2587 Hydraulic Rd. Apt C
Charlottesville, VA 22901

Case 1:05-cv-1094 (RBW)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELISABETH KIDDER
2587 HYDRAULIC ROAD APT C
CHARLOTTESVILLE, VA 22901
(434) 409-0131

### CIVIL ACTION NO. 1:05-cv-1094 (RBW)

FEDERAL BUREAU OF INVESTIGATION
9TH AND PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20535

DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON DC 20530

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF
## MOTION FOR SUMMARY JUDGMENT

I, Elisabeth T. Kidder, declare as follows:

1. My name is Elisabeth T. Kidder. My current residence address is 2587 Hydraulic

    Road Apt. C, Charlottesville, Virginia 22901. I am a citizen of the United States

    and am over the age of 18. I have personal knowledge of the facts set forth in this

    Affidavit.

2. I am the plaintiff in the above-captioned case, <u>Kidder v. Federal Bureau of</u>

    <u>Investigation et al.</u>, Civil Action No. 1:05-cv-1094 (RBW) (United States District

    Court for the District of Columbia).

3. By letter postmarked January 8, 2005, I requested "all records concerning Ahmed

    Abu Ali, the Falls Church Virginia resident currently detained in Saudi Arabia.

    This request includes, but is not limited to: minutes of meetings, notes,

Case 1:05-cv-1094 (RBW)

correspondence, submissions, reports, memoranda, electronic mail, and staff

calendars and appointment books."

4.  I have attached hereto as Exhibit A, page 1, a true and correct copy of the request

described in ¶ 3 of this Affidavit and cited in my Memorandum of Points and

Authorities in Support of my Motion for Summary Judgment and Statement of

Genuine Issues of Material Fact Not in Dispute.

5.  I have attached hereto as Exhibit A, page 2, a true and correct copy of the

verification I received from the FBI that my request described in ¶ 3 was opened

and inspected on Jan. 14, 2005.

6.  By letter dated January 25, 2005 and signed by David M. Hardy, the FBI denied

my request for records, citing "Exemptions (b)(6) and/or (b)(7)(C) of the FOIA,"

and directed me to appeal the denial "by writing to the Co-Director, Office of

Information Privacy, United States Department of Justice."

7.  I have attached as Exhibit B, pages 1-2, a true and correct copy of the FBI's

denial described in ¶ 6 of this Affidavit and cited in my Memorandum of Points

and Authorities in Support of my Motion for Summary Judgment and Statement

of Genuine Issues of Material Fact Not in Dispute.

8.  By letter dated February 2, 2005, I appealed the denial of my request for records

to the Co-Director of the Office of Information and Privacy at the U.S.

Department of Justice and requested that my appeal be expedited.

9.  I have attached as Exhibit C, pages 1-4, a true and correct copy of the letter I sent

as described in ¶ 8 and cited in my Memorandum of Points and Authorities in

Case 1:05-cv-1094 (RBW)

       Support of my Motion for Summary Judgment and Statement of Genuine Issues

       of Material Fact Not in Dispute.

10. My letter, described in ¶ 8, was received by the Defendants on February 8, 2005.

11. I have attached as Exhibit C, pages 5-6, a true and correct copy of the Certified

       Mail return receipt I received after sending the appeal described in ¶ 8 and the

       United States Postal Service online confirmation that I printed shortly following

       the Defendants receiving my appeal on February 8, 2005.

12. By letter dated February 18, 2005, Richard L. Huff, Co-Director of the Office of

       Information and Privacy at the U.S. Department of Justice assigned my appeal

       number 05-1008, and denied my request to expedite the appeal.

13. I have attached as Exhibit D, pages 1-2, a true and correct copy of the letter

       described in ¶ 12 and cited in my Memorandum of Points and Authorities in

       Support of my Motion for Summary Judgment and Statement of Genuine Issues

       of Material Fact Not in Dispute.

14. I have attached hereto as Exhibit D, page 3, a true and correct copy of the

       envelope in which I received the letter described in ¶ 12, showing the post date.

    I swear under penalty of perjury that the information contained herein is true and

correct, based on personal knowledge, and I would be competent to testify to such

matters if called to do so.

Executed this 6 day of March, 2006 in Charlottesville, Virginia.

Elisabeth T. Kidder
2587 Hydraulic Rd. Apt C
Charlottesville, VA 22901
(434) 409 - 0131

Case 1:05-cv-01094 (RBW)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELISABETH KIDDER
2587 HYDRAULIC ROAD APT C
CHARLOTTESVILLE, VA 22901
(434) 409-0131

### CIVIL ACTION NO. 1:05-cv-01094 (RBW)

FEDERAL BUREAU OF INVESTIGATION
9TH AND PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20535

DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON DC 20530

## STATEMENT OF GENUINE ISSUES OF MATERIAL FACT NOT IN DISPUTE

Plaintiff respectfully submits, in accordance with LCvR 7(h), the following statement of material facts as to which there is no genuine issue to be tried, entitling Plaintiff to a judgment in Plaintiff's favor as a matter of law.

Parties

1. Plaintiff, Elisabeth Kidder, the requester of the records that have been withheld, is a citizen of Charlottesville, Virginia. (Defs.' Answer at 2 ¶ 3.)

2. Defendant, Federal Bureau of Investigation, is a component of the United States Department of Justice. (Defs.' Answer at 2 ¶ 3.)

Jurisdiction and Venue

3. Jurisdiction is based on 5 U.S.C. § 552(a)(3) and (a)(6). (Compl. at 1 ¶ 2.)

4. Venue is proper in this District pursuant to 5 U.S.C. § 552(a)(4)(B). (Compl. at 1 ¶ 2.)

Case 1:05-cv-01094 (RBW)

Claim

5.  By letter postmarked January 8, 2005, Plaintiff requested "all records

    concerning Ahmed Abu Ali, the Falls Church Virginia resident currently

    detained in Saudi Arabia. This request includes, but is not limited to:

    minutes of meetings, notes, correspondence, submissions, reports,

    memoranda, electronic mail, and staff calendars and appointment books."

    (Defs.' Answer at 2 ¶ 5; Letter from Kidder to FBI of 1/8/05 (Ex. A. to

    Pl.'s Mot. For Summ. J. at 1-2.))

6.  Plaintiff's FOIA request was stamped "Opened and Inspected" on January

    14, 2005. (Ex. A. to Pl.'s Mot. For Summ. J. at 2.)

7.  By letter dated January 25, 2005 and signed by David M. Hardy, the FBI

    denied Plaintiff's request for records, citing "Exemptions (b)(6) and/or

    (b)(7)(C) of the FOIA," and directed Plaintiff to appeal the denial "by

    writing to the Co-Director, Office of Information Privacy, United States

    Department of Justice." (Letter from Hardy to Kidder of 1/25/05 (Ex. B. to

    Pl.'s Mot. For Summ. J. at 1-2); Defs.' Answer at 2 ¶ 6.)

8.  By letter dated February 2, 2005, Plaintiff appealed the denial of her

    request for records to the Co-Director of the Office of Information and

    Privacy at the U.S. Department of Justice. (Letter from Kidder to Co-

    director, Office of Information Privacy, U.S. Department of Justice of

    2/2/05 (Ex. C. to Pl.'s Mot. For Summ. J. at 1-4); Defs.' Answer at 2 ¶ 7.)

9.  Plaintiff's appeal letter was received by the U.S. Department of Justice on

    February 8, 2005. (Ex. C. to Pl.'s Mot. For Summ. J. at 5-6.)

Case 1:05-cv-01094 (RBW)

10. By letter dated February 18, 2005, Richard L. Huff, Co-Director of the
    Office of Information and Privacy at the U.S. Department of Justice
    assigned Plaintiff's appeal number 05-1008, and denied Plaintiff's request
    to expedite her appeal.  (Letter from Huff to Kidder of 2/18/05 (Ex. D. to
    Pl.'s Mot. For Summ. J. at 1-3.))

11. Defendants were required to make a determination on whether to grant
    Plaintiff's FOIA appeal by March 9, 2005. (5 U.S.C. § 552(a)(6)(A)(ii);
    Compl. at 2 ¶ 8; Ex. C to Pl.'s Mot. For Summ. J. at 1, 5-6.)

12. Plaintiff waited for a determination of her appeal for several months
    before filing this action on June 2, 2005. (Compl. at 1.)

13. Defendants have not made a determination on Plaintiff's administrative
    appeal. (Defs.' Answer at 2 ¶ 9.)

14. Defendants have not released any records in response to Plaintiff's FOIA
    request and appeal. (Defs.' Answer at 2 ¶ 9.)

15. In the Defendants' Answer, Defendants cite no FOIA exemptions to
    justify withholding responsive records. (Defs.' Answer at 1-2.)

I swear under penalty of perjury that the information contained herein is true and
correct, based on personal knowledge, and I would be competent to testify to such
matters.

Dated: ___March 6, 2006___

                                        Elisabeth T. Kidder, *pro se*
                                        2587 Hydraulic Road Apt C
                                        Charlottesville, VA 22901
                                        (434) 409-0131