

U.S. Department of Justice

Federal Bureau of Investigation
Washington, D.C. 20535

## FOIA REQUEST FORM

**Requester's Name:** Elisabeth Kidder

**Address:** 2655D Barracks Road Charlottesville, VA 22901

**Phone Number (optional):** (434) 409-0131

**Fax Number (optional):**

**E-Mail (optional):** etk8b@virginia.edu

**Subject:** I request copies, under the Freedom of Information Act, 5 U.S.C. § 552, of all records concerning Ahmed Abu Ali, the Falls Church, Virginia resident currently detained in Saudi Arabia. This request includes, but is not limited to: minutes of meetings, notes, correspondence, submissions, reports, memoranda, electronic mail, and staff calendars and appointment books.

In order to help to determine status to assess fees, select:
- ○ An individual seeking information for personal use
- ● Affiliated with an educational or noncommercial institution, and this request is made for a scholarly purpose
- ○ Affiliated with a private corporation and seeking information for use in the company's business
- ○ A representative of the news media and this request is made part of news gathering and not for commercial use

Enter media name:

Select type of Media:
- ○ Newspaper
- ○ Magazine
- ○ Television Station
- ○ Other

**Purpose:** Any information that is obtained as a result of this request will be used in furtherance of my scholarly research for an article for the Virginia Journal of International Law at the University of Virginia, School of Law.

**Enter maximum amount you are willing to pay:** $20.00

**Explanation for a request for a waiver of fees:**
I request a waiver of all applicable duplication fees because release of this information will contribute significantly to the public's understanding of the activities and operations of the FBI and U.S. government and is not primarily in my commercial interest.

**Additional Comments:**
I am willing to pay fees for this request up to a maximum of $20. If you estimate that the fees will exceed this limit, please inform me first by telephone at 434.409.0131 or email at etk8b@virginia.edu. As the FOIA requires, I will look forward to your response within twenty (20) working days.

This form cannot be used for Privacy Act requests or requests for information about a third party.

Ex. A to Pl's Mot. for Summ J (p. 1 of 2)



Civ. Act. No. 1:05-cv-01094(RBW)

2655D Barracks Rd
Charlottesville VA 22901

6555

FOIPA Section
Federal Bureau of Investigation
Dept. of Justice
925 Pennsylvania Ave NW
Washington D.C. 20535

Opened & Inspected
JAN 1 4 2005
Services #34

Ex. A to Pl.'s Mot. for
Summ. J. (p. 2 of 2)



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

January 25, 2005

Ms. Elisabeth Kidder
2655D Barracks Road
Charlottesville, VA  22901

Dear Ms. Kidder:

A copy of your letter asking for information maintained by the FBI under the Freedom of Information Act (FOIA) concerning another individual is being returned to you.

Before we commence processing your request for records pertaining to another individual, we ask that you submit to the FBI a privacy waiver from that person. Without a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA, Title 5, United States Code, Section 552.

Enclosed is a Privacy Waiver and Certification of Identity form. The subject of your request should complete this form and then sign it. Please note that mail addressed to the FBI is delayed several weeks due to increased security procedures now in place. You may fax your response directly to the RID Section at 202-324-3752.

In order to ensure an accurate search of our records, please provide your subject's complete name, date of birth and place of birth, if you have not already done so.

Once you have provided us with the necessary information, as described above, we will conduct a search of our records and advise you of the results.

This response should not be considered an indication of whether or not records responsive to your request exist in FBI files.

You may appeal this denial by writing to the Co-Director, Office of Information and Privacy, United States Department of Justice, Suite 570, Flag Building, Washington, D. C. 20530-0001, within 60 days from the date of this letter. The envelope and the letter should be clearly marked "Freedom of Information Appeal".

Sincerely yours,

David M. Hardy
Section Chief
Record/Information
 Dissemination Section
Records Management Division

All Attached Correspondence Must Be Returned to the FBI With This Letter

Ex. B to Pl's Mot. for Summ. J. (p 1 of 2)

# Privacy Waiver and Certification of Identity

FOIPA Request Number _____
(if known)

Full Name: _____

Current Address: _____
_____

Date of Birth: _____   Place of Birth: _____

(Optional: Prior addresses, employments, aliases, etc., which may assist the FBI in locating the requested information) _____
_____
_____

    I hereby waive my right to privacy, and I authorize the FBI to release any and all information relating to me to :

(name, address, & phone of Attorney or other Designee)

_____
_____
_____
_____

    Under penalty of perjury, I hereby declare that I am the person described above and understand that any falsification of this statement is punishable under the provisions of Title 18, United States Code (U.S.C.), Section 1001 by a fine of not more than $10,000 or by imprisonment of not more than five years, or both; and that requesting or obtaining any record(s) under false pretenses is punishable under the provisions of Title 5, U.S.C., Section 552a (i)(3) as a misdemeanor and by a fine of not more than $5,000.

Signature: _____   Date: _____

Ex. B to Pl.'s Mot. for Summ. J. (p. 2 of 2)

# --FREEDOM OF INFORMATION APPEAL--

Elisabeth Kidder
2655D Barracks Road
Charlottesville, VA 22901
434.409.0131

February 2, 2005

Co-Director
Office of Information Privacy
United States Department of Justice
Suite 570, Flag Building
Washington, D.C. 20530

To Whom It May Concern:

This is an appeal under the Privacy Act and the Freedom of Information Act of the denial of my request for access to records. On January 8, 2005, I requested access to records under the Freedom of Information Act, 5 U.S.C. § 552. On January 28, 2005 I received a response to my request in a letter signed by David M. Hardy. I hereby appeal this denial, and request expedited processing of both this appeal, and my initial request for records pursuant to § 552 (a)(6)(E)(i).

In your denial letter, you indicate that I must produce a privacy waiver, completed and signed by Ahmed Abu Ali, or you will consider the records that I requested, "exempt from disclosure pursuant to Exemptions (b)(6) and/or (b)(7)(C) of the FOIA." As an initial matter, I would like to point out that your request for a privacy waiver is impressively absurd, because, as you know, obtaining Ahmed Abu Ali's signature is a task impossible for me to accomplish, due to the fact that he is being detained in Saudi Arabia at the behest of the United States government, which is coincidentally the reason I made the FOIA request in the first place. Furthermore, there is at least some credible evidence that U.S. officials have repeatedly frustrated attempts by Mr. Abu Ali's own family to furnish him with a privacy waiver. See Abu Ali. v. Ashcroft, Civ. Action No. 04-1258, (D.C. D.C.), Aff. of Omar Abu Ali ¶ 1 – 9 & Attach. 1.2 at 2. Most significantly, Mr. Abu Ali has orally waived his rights under the Privacy Act repeatedly (see Id. at ¶ 9 & Attach 1.5 at 1, 3), and the Abu Ali court, on January 31, 2005, found that he "has expressly consented to the disclosure of information subject to the Privacy Act." Jan. 31 Order at 1.

Even if Mr. Abu Ali's consent does not render the waiver issue moot, which I firmly believe it does, the impossibility of obtaining a written waiver cannot form the basis of a denial to disclose records pertaining to Mr. Abu Ali, as neither exemption cited by you in your denial letter applies to my request. As stated in section (d) of the FOIA, Title 5, United States Code, Section 552, the existence of exemptions does "not authorize withholding of information or limit the availability of records to the public, *except as specifically stated* in this section." (emphasis added). In other words, the enumerated exemptions "must be narrowly construed." Department of Air Force v. Rose, 425 U.S. 352, 361 (1976).

As the Court stated in Reporters Committee, "the FOIA's central purpose is to ensure that the *Government's* activities be opened to the sharp eye of public scrutiny." U.S. Dept. of Justice v. Reporters Committee For Freedom of Press, 489 U.S. 749, 774 (1989) (emphasis in original), and it is the government's activities that will be revealed by fulfilling my FOIA request. The requested documents bear a strong relationship to this central purpose, as they will reveal information about the conduct of the Federal Bureau of Investigation and the Department of Justice. It is incorrect to characterize this request as one for records about a "private citizen." Rather, it is a request for "official information" that will undoubtedly "shed[] light on [the]

Page 1 of 4

Ex. C to Pl.'s Mot. for
Summ. J. (p. 1 of 6)

agency's performance of its statutory duties," and as such, "falls squarely within that statutory purpose." Reporters Committee, 489 U.S. at 773. As noted by the district court in National Ass'n of Atomic Veterans, Inc. v. Director, Defense Nuclear Agency, the "Privacy Act does not protect against disclosure when otherwise required by FOIA." 583 F.Supp. 1483, 1488 (D.C.D.C., 1984). Each FOIA exemption you cited in your January 25 letter is addressed, in turn, below.

**Exemption (b)(6) Personnel, Medical and Similar Files**

In your January 25 letter, you claim that the records that I requested fall under Exemption (b)(6), "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." As explained below, this exemption does not apply to my request.

Exemption (b)(6) requires a balancing test between the privacy interests at stake, and the public interest served by the FOIA. The mere fact that Mr. Ali's name appears in these records does not rise to the standard required by exemption (b)(6). To the contrary, this test requires "a balance tilted emphatically in favor of disclosure." Bast v. U.S. Dept. of Justice, 665 F.2d 1251, 1254 (D.C. Cir., 1981). In Rose, the Court held that "no reason ... exist[s] for nondisclosure in the absence of a showing of a *clearly unwarranted* invasion of privacy, whether the documents are filed in 'personnel' or 'similar' files." 425 U.S. at 371 (emphasis added). The Court explained that the (b)(6) exemption was created by Congress to enable, "balancing of the individual's right of privacy against the preservation of the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.' The device adopted to achieve that balance was the limited exemption, where privacy was threatened, for 'clearly unwarranted' invasions of personal privacy." Id. at 372.

Fulfillment of my request would in no way constitute, "a clearly unwarranted invasion of personal privacy." This is not a case wherein "a possible consequence of even anonymous disclosure could expose ... accused men to lifelong embarrassment, perhaps disgrace, as well as practical disabilities, such as loss of employment or friends." Id., at 377. Ahmed Abu Ali's name and alleged crime have already been splashed all over the headlines by the Department of Justice, and therefore the issue of stigma associated with law enforcement investigations is moot.[1] In fact, release of the records that I have requested will most likely show Mr. Abu Ali's innocence, wrongful detention and victimization by the U.S. government.

**Exemption (b)(7)(C) – Law Enforcement Records**

The Supreme Court held in F.B.I. v. Abramson that "Exemption 7 authorizes disclosure of law enforcement records unless the agency can demonstrate one of six specific harms." 456 U.S. 615, 622 (1982). In your January 25 letter, you claim the records that I requested fall under 7(C), which exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information ... could reasonably be expected to constitute an unwarranted invasion of personal privacy."

---

[1] See, e.g. Rachel L. Swarns, *Parents of American Held by Saudis Sue*, NY TIMES (July 29, 2004) ("In July 2003, an F.B.I. agent testified that Mr. Abu Ali had bought a gun from one of the men charged in the case and had participated in some of the training. The F.B.I. said Saudi officials detained Mr. Abu Ali because they believed he was involved in a bombing plot in Saudi Arabia"); *US Prosecutors Accuse Suspects Of Terror Link*, ASSOCIATED PRESS (July 25, 2003) ("U.S. Attorney David Laufman said ... a man named Ahmed Abu-Ali ... was arrested in Saudi Arabia in the May 12 Riyadh bombings that claimed 25 victims. Laufman said Abu-Ali, who once lived in Falls Church, joined an al-Qaida cell in Saudi Arabia in 2001....").

Page 2 of 4

Ex. C to Pl.'s Mot. for Summ. J. (p. 2 of 6)

Again, this exemption calls for a balancing test. The Supreme Court held that "whether disclosure of a private document under Exemption 7(C) is warranted must turn on the nature of the requested document and its relationship to the basic purpose of the Freedom of Information Act 'to open agency action to the light of public scrutiny.'" Reporters Committee, 489 U.S. at 772. Thus, the privacy interest that might be compromised (in this case, Mr. Ali's) must be balanced against "the public interest in release of the requested information." See Davis v. U.S. Dept. of Justice, 968 F.2d 1276, 1281 (D.C. Cir., 1992) (citing Reporters Committee, 489 U.S. at 762; Safecard Servs., Inc. v. SEC, 926 F.2d 1197, 1205 (D.C. Cir., 1991)).

The public's interest in release of information I have requested is "the citizens' right to be informed about 'what their government is up to.'" See EPA v. Mink, 410 U.S. 73, 105 (1973) (Douglas, J., dissenting). In the current climate of 'the war on terror,' detainee's rights, the Geneva Conventions, Alberto Gonzales' memorandum condoning torture, civil rights and the treatment of American Muslims is at the very top of the list of public concerns. The records that I am seeking go to the very heart of these matters, and as such, are of great public importance. This is especially the case because the information requested is likely to implicate the United States government in very serious violations of the Constitution, domestic and international law.[2]

The Favish Court held that if the requester "produce[s] evidence that would warrant a belief by a reasonable person that the alleged Government impropriety might have occurred," there then "exists a counterweight on the FOIA scale for the court to balance against the cognizable privacy interests in the requested records." National Archives and Records Admin. v. Favish, 124 S.Ct. 1570, 1581-82 (2004).

According to D.C. District Court Judge John D. Bates, who is presiding over Ali v. Ashcroft, there is evidence that "Abu Ali's detention is at the behest and ongoing direction of United States officials." Mem. Op. at 64. Judge Bates also found evidence that:

(i) the United States initiated the arrest of Abu Ali in Saudi Arabia;

(ii) the United States has interrogated Abu Ali in Saudi Arabia;

(iii) the United States is controlling events in Saudi Arabia;

(iv) the United States is keeping Abu Ali in Saudi Arabia to avoid constitutional scrutiny by American courts;

(v) Saudi Arabia would immediately release Abu Ali to United States officials upon a request by the United States government; and

(vi) Abu Ali has been subjected to torture with the knowledge of the United States.

Id.

These circumstances are such that the public's interest in opening "agency action to the light of public scrutiny" through the release of information is unparalleled. The public has a right to know if the government is conspiring with a foreign state to hold a United States citizen indefinitely, in order to deny him an opportunity to assert his rights in a United States tribunal, with full knowledge that he has been subjected to torture. These allegations are directly analogous to the example in Favish, cited by the Court as satisfying the 7(C) public interest requirement: "information ... necessary to show the investigative agency or other responsible officials acted ... improperly in the performance of their duties." 124 S.Ct. at 1581.

Given that a U.S. district court judge found there to be evidence that the Government has secretly detained an American citizen in a foreign country where he has been subjected to torture, I would argue that the evidentiary standard in Favish has been amply satisfied. Additional evidence of alleged Government impropriety is delineated in several court documents

---

[2] The allegations against the Government, if true, contravene multiple legal provisions, including, but are not limited to: U.S. CONST. amend V, VIII & XIV; 18 U.S.C 113(C); Convention against Torture and Other Cruel, Inhuman or Degrading Treatment or Punishment, G.A. res. 39/46, [annex, 39 U.N. GAOR Supp. (No. 51) at 197, U.N. Doc. A/39/51 (1984)], *entered into force* June 26, 1987.

Page 3 of 4

Ex. C to Pl.'s Mot. for Summ. J. (p. 3 of 6)

in the <u>Abu Ali</u> case. <u>See</u> , <u>Abu Ali</u>, Pet. Mot. for Pre-Disc. Discl. ¶ 2-3; Pet. Mot. for Prelim. Injunct. ¶ 13; Aff. of Faten Abu Ali ¶ 1, 3; Aff. of Salim Ali ¶ 6.

In light of the foregoing, your continued insistence on the necessity of a privacy waiver, or reliance on Exemptions (b)(6) and/or (b)(7)(c) of the FOIA would be improper and contrary to the central purpose of 5 U.S.C. § 552. Thank you for your consideration, and I look forward to your determination on my administrative appeal within twenty business days.

Sincerely,

*[signature]*

Elisabeth Kidder

Page 4 of 4

Ex. C to Pl.'s Mot. for Summ. J. (p. 4 of 6)

CN. Act. No. 1:05 CV-1094 (RBW)

**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | |
| Certified Fee | $2.30 | 0905 |
| Return Receipt Fee (Endorsement Required) | $1.75 | 19  Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | $0.00 | |
| Total Postage & Fees | $ | 02/02/2005 |

Sent To: Co-director office of Info Privacy
Street, Apt. No.; or PO Box No.: USDOJ Suite 570 Flag Bldg
City, State, ZIP+4: Washington D.C. 20530

Article Number: 7004 1160 0005 2477 0020

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Co-director
Office of Info. Privacy
US Dept of Justice
Suite 570 Flag Bldg
Washington DC 20530

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____  ☐ Agent  ☐ Addressee

B. Received by (Printed Name)  C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

FEB 0 8 2005

3. Service Type
☒ Certified Mail  ☐ Express Mail
☐ Registered  ☐ Return Receipt for Merchandise
☐ Insured Mail  ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)  ☐ Yes

2. Article Number (Transfer from service label): 7004 1160 0005 2477 0020

Form 3811, February 2004   Domestic Return Receipt   102595-02-M-

Ex. C to Pl.'s Mot. for Summ. J. (p. 5 of 6)

USPS - Track & Confirm                                                                 Page 1 of 1



# Track & Confirm

**Shipment Details**

You entered 7004 1160 0005 2877 0020

Your item was delivered at 4:26 am on February 08, 2005 in WASHINGTON, DC 20530.

Here is what happened earlier:

- NOTICE LEFT, February 08, 2005, 2:43 am, WASHINGTON, DC 20530
- ARRIVAL AT UNIT, February 08, 2005, 2:33 am, WASHINGTON, DC 20022
- ACCEPTANCE, February 02, 2005, 4:39 pm, CHARLOTTESVILLE, VA 22905

**Track & Confirm**
Enter label number:

**Track & Confirm FAQs**

**Notification Options**

› Track & Confirm by email   What is this?   Go >


POSTAL INSPECTORS
Preserving the Trust

site map   contact us   government services
Copyright © 1999-2002 USPS. All Rights Reserved. Terms of Use   Privacy Policy

Ex. C to Pl.'s Mot. for Summ. J. (p. 6 of 6)

http://trkcnfrm1.smi.usps.com/netdata-cgi/db2www/cbd_243.d2w/detail                    2/15/2005



**U.S. Department of Justice**

Office of Information and Privacy

Telephone: (202) 514-3642   Washington, D.C. 20530

FEB 18 2005

Ms. Elisabeth Kidder
2655D Barracks Road              Re:  Appeal No. 05-1008
Charlottesville, VA  22901            RLH:ADW

Dear Ms. Kidder:

    This is to advise you that your administrative appeal from the action of the Federal Bureau of Investigation on your request for access to records concerning Mr. Ahmed Abu Ali was received by this Office on February 8, 2005.  I note that you have requested that this Office expedite your appeal.

    The Office of Information and Privacy, which has the responsibility of adjudicating such appeals, has a substantial backlog of pending appeals received prior to yours.  In an attempt to afford each appellant equal and impartial treatment, we have adopted a general practice of assigning appeals in the approximate order of receipt.  Your appeal has been assigned number **05-1008**.  Please mention this number in any future correspondence to this Office regarding this matter.

    Based on the information you provided, I am denying your request to expedite your appeal.  Departmental regulations require you to demonstrate that your request warrants expedited treatment because it involves:

> (i) Circumstances in which the lack of expedited treatment could reasonably be expected to pose an imminent threat to the life or physical safety of an individual;
>
> (ii) An urgency to inform the public about an actual or alleged federal government activity (if you are a person primarily engaged in disseminating information); or
>
> (iii) The loss of substantial due process rights.

Ex. D to Pl.'s Mot. for Summ. J. (p. 1 of 3)

-2-

See 28 C.F.R. § 16.5(d) (2004). Because you have not sufficiently demonstrated that your request involves any of these factors, I do not believe your request warrants expedited treatment.

If you are dissatisfied with my action on your request for expedited treatment of your appeal, you may seek judicial review in accordance with 5 U.S.C. § 552(a)(6)(E)(iii).

Sincerely,

Richard L. Huff
Co-Director

Ex. D to Pl.'s Mot. for Summ. J. (p. 2 of 3)



Ex. D to Pl.'s Mot. for Summ. J. (p. 3 of 3)