IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISABETH T. KIDDER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-CV-01094 (RBW) |
| ) | |
| FEDERAL BUREAU OF INVESTIGATION, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANTS' RESPONSE TO FEBRUARY 13, 2006 ORDER**

By Order dated February 13, 2006, the Court directed Defendants to file either a dispositive motion or a proposed schedule to govern further proceedings in this Freedom of Information Act ("FOIA") case within 30 days. See Order, docket no. 9. In compliance with this Order, Defendants hereby set forth their proposed schedule to govern further proceedings in this matter. Defendants propose that Defendants' motion for summary judgment be filed by Friday, May 26, 2006; Plaintiff's opposition thereto and any cross-motion for summary judgment be filed by Friday, June 23, 2006; Defendants' reply papers and opposition to any cross-motion for summary judgment be filed by Friday, July 14, 2006; and Plaintiff's reply papers in support of any cross-motion for summary judgment be filed by July 28, 2006. This schedule is based on Defendants' assessment that they require approximately 75 days from today to conduct a thorough search for responsive documents, and prepare an appropriate *Vaughn* index and motion for summary judgment. In the event that Plaintiff requires additional time to respond to Defendants' motion, Defendants have no objection to extending the briefing schedule accordingly.

Defendants note that, notwithstanding the Court's February 13, 2006, Order, Plaintiff

recently filed a "Motion for Summary Judgment" (which was docketed today), seeking entry of a proposed order directing Defendants to produce responsive documents and a *Vaughn* index within 30 days from the date of entry of the proposed order.  See docket no. 12.  Were the Court to entertain Plaintiff's motion, the motion would not be fully briefed until April 10, 2006.  See LCvR 7(b),(d) (setting forth time frames for oppositions and replies); Fed. R. Civ. P. 6(e) (additional 3 days for service not by hand).[1]  Even if, after consideration of the parties' respective positions, the Court decided to enter Plaintiff's proposed order the day after Plaintiff's motion was fully briefed, Defendants' obligations to produce documents and/or a *Vaughn* index would not arise until May 11, 2006.  As set forth above, Defendants respectfully request an additional fifteen days past this date – to May 26, 2006 – to not only produce responsive documents and/or a *Vaughn* index, but also to file their summary judgment motion.  Cf. Stimac v. United States Dep't of Justice, 620 F. Supp. 212, 213 (D.D.C. 1985) (concluding that "the preparation of a Vaughn Index would be premature before the filing of dispositive motions"); United States Comm. on Refugees v. Department of State, 1992 WL 35089 at *1 (D.D.C. Feb. 7, 1992).

Although captioned a "Motion for Summary Judgment," Plaintiff's motion does not seek a "judgment" of any sort, but rather merely seeks entry of the proposed order discussed above.[2]

---

[1] In the event that the Court were inclined to entertain Plaintiff's proposed 30-day order, Defendants would be entitled to respond to the motion and more fully explain the basis for their objection to Plaintiff's proposed order.  As it is, Plaintiff's motion was docketed on the very day that Defendants' proposed briefing schedule was due, making it nearly impossible to fully and appropriately respond to Plaintiff's proposed schedule in this document.

[2] Plaintiff's motion does address the two affirmative defenses raised in Defendants' Answer – namely, the impropriety of naming the Federal Bureau of Investigation ("FBI") as a defendant in a FOIA case, and the failure to exhaust administrative remedies.  While Defendants intend to address the first affirmative defense in their motion for summary judgment, there is no dispute that the FBI is a component of the Department of Justice, which has also been named as a Defendant

Once a scheduling order is entered in this matter, therefore, Plaintiff's motion will be rendered moot. Accordingly, Defendants request that when entering a scheduling order in this matter, the Court also deny Plaintiff's motion as moot, or otherwise relieve Defendants of the obligation to respond thereto.

## CONCLUSION

For the reasons set forth above, Defendants respectfully request that the Court enter a scheduling order along the lines proposed above, and deny Plaintiff's motion as moot.

Dated: March 15, 2006.                    Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

                                          KENNETH L. WAINSTEIN
                                          United States Attorney

                                          ELIZABETH SHAPIRO
                                          Assistant Branch Director

                                                    /s/
                                          ORI LEV  (D.C. Bar No. 452565)
                                          Senior Trial Counsel
                                          U.S. Department of Justice
                                          Civil Division/Federal Programs Branch
                                          Mail:   P.O. Box 883
                                                  Washington, D.C.  20044
                                          Street: 20 Massachusetts Ave., N.W., Rm 7330
                                                  Washington, DC  20001
                                          Ph:     (202) 514-2395
                                          Fax:    (202) 318-7589
                                          Email: ori.lev@usdoj.gov

                                          *Attorneys for Defendants*

---

in this action, and so this issue will not affect the scope or nature of Defendants' FOIA response. Defendants do not intend to rely upon their second affirmative defense in support of their summary judgment motion, so it is unnecessary to resolve the exhaustion issue at this time.

## CERTIFICATE OF SERVICE

      I hereby certify that on March 15, 2006, I caused a copy of the foregoing DEFENDANTS' RESPONSE TO FEBRUARY 13, 2006 ORDER to be served, via U.S. Mail, postage prepaid, on:

Elisabeth Kidder
2587 Hydraulic Road
Apt. C
Charlottesville, VA  22901

                                                                         /s/ Ori Lev
                                                                         Ori Lev