Case 1:05-cv-1094 (RBW)

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

ELISABETH KIDDER
2587 HYDRAULIC ROAD APT C
CHARLOTTESVILLE, VA 22901
(434) 409-0131

**CIVIL ACTION NO. 1:05-cv-1094 (RBW)**

FEDERAL BUREAU OF INVESTIGATION
9TH AND PENNSYLVANIA AVENUE, N.W.
WASHINGTON, D.C. 20535

DEPARTMENT OF JUSTICE
950 PENNSYLVANIA AVENUE, N.W.
WASHINGTON DC 20530

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' RESPONSE TO FEBRUARY 13, 2006 ORDER AND IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

On February 13, 2006, the Court directed Defendants to either file a proposed schedule to govern proceedings, or to *file a dispositive motion* within 30 days. See Order, docket no. 9 (emphasis added). Plaintiff, construing this as a suggestion from the Court for the parties to file dispositive motions, sent by overnight mail on March 7, 2006 her motion for summary judgment. See Pl.'s Mot. For Summ. J., docket no. 12 (filed Mar. 10, 2006 and docketed Mar. 15, 2006).

Defendants' Response to the February 13, 2006 Order seeks to delay the date by which they are required to file a dispositive motion by more than two months. See Defs.' Resp. to Feb. 13, 2006 Order at 1 ¶1, docket no. 14. ("Defendants propose that Defendants' motion for summary judgment be filed by Friday, May 26, 2006."). In addition to seeking an extension of the Court's imposed deadline, Defendants also urge the Court to ignore Plaintiff's Motion for Summary Judgment as premature or "moot."

Case 1:05-cv-1094 (RBW)

Defendants urge the Court to hold Plaintiff's Motion for Summary Judgment as "moot" merely because Defendants have responded to the Court's February 13, 2006 Order with a proposed briefing schedule. See Defs.' Resp. at 1, docket no. 14. However, this posture does not render Plaintiff's motion moot, nor does it relieve the Defendants of their responsibility to substantively oppose Plaintiff's Motion for Summary Judgment. Even if the Court was not requesting a dispositive motion from Plaintiff, the Federal Rules of Civil Procedure permit a plaintiff to file a motion for summary judgment "at any time after the expiration of 20 days from the commencement of the action..." See Fed. R. Civ. P. 56(a). Defendants cite no authority by which a motion for summary judgment can be disregarded simply for being filed before a scheduling order is in effect.

Defendants' assertions are made even more illogical by the fact that their proposed briefing schedule asks the court to decide this case on motions for summary judgment. Therefore, the Defendants are essentially asking the Court to declare Plaintiff's motion moot simply because they wish to file their motion *first*. If Defendants wished to 'fire first,' they had the opportunity to file a motion for summary judgment under Rule 56(b) of the Federal Rules of Civil Procedure "at any time" after this action was commenced on June 2, 2005. See Fed. R. Civ. P. 56(b).

The Defendants' Response also mischaracterizes Plaintiff's Motion as a proposed briefing schedule and not a motion for "a 'judgment' of any sort." See Defs.' Resp. at 2, docket no. 14.[1] In fact, the judgment Plaintiff requests is that which is provided to her in

---

[1] Defendants seem to have been confused by the inclusion, in Plaintiff's Proposed Order accompanying her Motion for Summary Judgment, of a 30-day window within which Defendants would be required to "conduct a good faith, reasonable, and diligent search for all records responsive to Plaintiff's FOIA request and to produce to Plaintiff...all such records." See Pl.'s Proposed Order, docket no. 9, Attach no. 1. That 30-day timeframe was not a proposed scheduling order for future proceedings in this litigation, but a suggested time limit for Defendants to comply with after a final order in favor of Plaintiff is entered.

Case 1:05-cv-1094 (RBW)

the FOIA, under which the Court, "has jurisdiction to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." See 5 U.S.C.A. § 552 (a)(4)(B). This Court has held that, "three conditions must be met before a court 'may compel an agency to release documents.' Under 5 U.S.C. § 552(a)(4)(B), jurisdiction rests on a showing that an agency has 1) 'improperly'; 2) 'withheld'; 3) 'agency records.'" Peralta v. United States Attorney's Office, 69 F. Supp. 2d 21, 27-28 (D.D.C. 1999) (citing McGehee v. CIA, 697 F.2d 1095, 1105 (D.C. Cir. 1983) and Kissinger v. Reporters Committee for Freedom of the Press, 445 U.S. 136, 137-38, 100 S. Ct. 960 (1980))). Plaintiff has produced evidence that the Defendants are improperly withholding agency records that fall within the scope of Plaintiff's request in violation of the FOIA. Because Plaintiff has made a properly supported motion, the burden shifts to the Defendants to demonstrate the existence of a genuine dispute. Under Rule 56(e), the Defendants, "may not rest upon the mere allegations or denials or the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). See Celotex Corp. v. Catrett, 477 U.S. 317, 324, 106 S. Ct. 2548 (1986).

Rule 1 of the Federal Rules of Civil Procedure states that the Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action." See Fed. R. Civ. P. 1. The D.C. Court of Appeals has repeatedly emphasized that, "the 'interests of judicial finality and economy,' have special force in the FOIA context, because the statutory goals—'efficient, *prompt*, and full disclosure of information,' --can be frustrated by agency actions that operate to delay the ultimate resolution of the

Case 1:05-cv-1094 (RBW)

disclosure request." Senate of the Com. of Puerto Rico v. United States Dept. of Justice, 823 F.2d 574, 580 (D.C. Cir. 1987) (citing Jordan v. United States Dept. of Justice, 591 F.2d 753, 755 (D.C. Cir. 1978) (en banc)) (emphasis in original) (internal citations omitted). See also Ryan v. United States Department of Justice, 617 F.2d 781, 792 (D.C. Cir. 1980) (warning that the delay accompanying agency's assertion of exemptions at different stages of a district court proceeding "could easily render the appellants' claim futile"). Because Plaintiff has filed a Motion for Summary Judgment, it would be more fair and efficient for the Court to require the government to file its opposition to Plaintiff's Motion for Summary Judgment and, if Defendants so choose, a cross motion for summary judgment, within the time allowed by Local Rule 7(b) (see LCvR 7(b) (setting the time by which an opposing party must serve and file a memorandum of points and authorities in opposition to a motion for summary judgment at 11 days from the date of service, or at such other time as the Court may direct)), than to allow the Defendants to further delay these proceedings.

Plaintiff has properly put the resolution of Defendants' failure to produce documents before the Court. Local rule 7(b) provides the Defendants with 11 days from the date of service to oppose Plaintiff's Motion for Summary Judgment. See LCvR 7(b). Other civil litigants are held to this timetable, and the Defendants should be well.[2]

---

[2] In the event the Court is inclined to entertain Defendants' proposed scheduling order, Plaintiff opposes for several reasons Defendants' request for "75 days to conduct a thorough search for responsive documents, and prepare an appropriate Vaughn index and motion for summary judgment," prior to opposing Plaintiff's motion. First, Defendants have already had more than a year to conduct a reasonable search for these documents, as Plaintiff's FOIA request was made on January 8, 2005. Second, Plaintiff's FOIA request is simple, specific and straightforward, and will not require a two-and-half month search in order to locate those records that fall within the scope of this request. Third, Defendants indicate that they plan to exclusively rely on, "the impropriety of naming the Federal Bureau of Investigation ("FBI") as a defendant in a FOIA case ... in their motion for summary judgment." See Defs.' Resp. at 2 nn. 1-2, docket no. 14. Because Defendants apparently are planning to ask this Court to exempt all FBI records from the reach of the FOIA, a request for 75 additional days to conduct a "thorough search for responsive documents" (a

Case 1:05-cv-1094 (RBW)

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court direct the Defendants to substantively oppose Plaintiff's Motion for Summary Judgment within the time allotted by Local Rule 7(b).

Dated: March 18, 2006

Respectfully Submitted,

Elisabeth T. Kidder
2587 Hydraulic Road Apt. C
Charlottesville, Virginia 22901
(434) 409-0131

---

process that would, under Defendants' FBI-exemption-theory, be unnecessary) is an attempt to delay these proceedings, at best. Defendants should not be rewarded for ignoring their duties under the FOIA by granting them additional time to respond to Plaintiff's Motion for Summary Judgment.