**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| ELISABETH T. KIDDER,<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>Defendants. | ) | No. 05-CV-01094 (RBW) |

**DEFENDANTS' OPPOSITION TO**
**PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT**

In this Freedom of Information Act ("FOIA") action, plaintiff has filed a motion for summary judgment, which is premature given that the Court has not yet entered a scheduling order in this matter, and defendants have not yet completed processing plaintiff's FOIA request. Indeed, plaintiff's motion was pre-emptively filed before the date on which *defendants* were ordered to either file a dispositive motion or propose a schedule to govern future proceedings in this case. See Order, Feb. 13, 2006. Plaintiff's motion should be denied both because it is untimely in light of the Court's Order, and because the relief it seeks – an order directing the production of non-exempt responsive records and a *Vaughn* index identifying exempt records – is not a judgment but merely a scheduling order. As set forth in Defendants' Response to February 13, 2006 Order, and as further explained below, Defendants request until May 26, 2006 to complete their search, produce non-exempt responsive records, and file their motion for summary judgment in this matter.

## BACKGROUND

In early January 2005, by an undated FOIA Request Form, plaintiff submitted a FOIA request addressed to FBI Headquarters for all records concerning a third party individual named Ahmed Abu Ali. See Declaration of David M. Hardy ("Hardy Decl.") (attached as Exhibit A), ¶ 5; Exh. A to Pl's Mot. for Summ. J. ("Pl's SJ Mot."). By letter dated January 25, 2005, the FBI denied plaintiff's request, citing exemptions "(b)(6) and/or (b)(7)(C) of the FOIA" Hardy Decl., ¶ 6; Exh. B to Pl's SJ Mot.[1] As the January 25, 2005 letter explained, "[w]ithout a privacy waiver, the disclosure of law enforcement records or information about another person is considered an unwarranted invasion of personal privacy. Such records, if they exist, are exempt from disclosure pursuant to exemptions (b)(6) and (b)(7)(C) of the FOIA." Id.

At the time of Plaintiff's FOIA request and its denial, the person who was the subject of her requests – Ahmed Abu Ali – was in the custody of Saudi Arabia, and had not been publically identified as the object of an FBI investigation. See generally Abu Ali v. Gonzales, 387 F. Supp. 2d 16, 17 (D.D.C. 2005) (dismissing habeas petition as moot; noting Abu Ali's incarceration in Saudi Arabia and subsequent indictment in United States); U.S. v. Abu Ali, 395 F. Supp. 2d 338, 367 (E.D. Va. 2005) (denying motion to suppress and motion to dismiss indictment; noting Abu Ali's "return to the United States in February 2005"). See also U.S. v. Abu Ali, No. 05-CR-0053-GBL (E.D. Va.), docket # 7 (indictment unsealed Feb. 22, 2005). Accordingly, plaintiff's request was denied based on the FBI's policy of neither confirming nor denying the existence of responsive records when a FOIA requestor seeks information about a third party for which no

[1] Plaintiff's Complaint erroneously lists the date of the denial letter as January 19, 2005. Compl., ¶ 6. Her Memorandum of Point and Authorities in Support of her Motion for Summary Judgment ("Pl. SJ Mem.") correctly identifies the date as January 25, 2005. Pl. SJ Mem. at 2.

privacy waiver or proof of death is provided. Hardy Decl., ¶ 14. The FBI's policy is based on the notion that confirming the existence of responsive records essentially affirms that the individual is mentioned in FBI records, and that the mere mention of an individual's name in an FBI record reflects that the person either came to the attention of or assisted the FBI during the course of the FBI's law enforcement activities. Hardy Decl., ¶¶ 9-13.

By letter dated February 2, 2005, to the United States Department of Justice, Office of Information and Privacy ("OIP"), plaintiff appealed the denial of her request. Hardy Decl., ¶ 7; Exh. C to Pl. SJ Mot. By letter dated February 18, 2005, OIP acknowledged plaintiff's administrative appeal, assigned it appeal number 05-1008, and denied plaintiff's request for expedited processing of her request. Hardy Decl., ¶ 8; Exh. D to Pl. SJ Mot. Before OIP acted on plaintiff's request, on June 2, 2005, plaintiff filed the instant action seeking the production of all records responsive to her FOIA request. See Complaint. Although plaintiff filed the Complaint in this action on June 2, 2005, the Summons and Complaint were not served upon defendants until January 2006. See Docket numbers 1, 5, 6.

By the time defendants were served with the Summons and Complaint in this case, Mr. Abu Ali had been publicly indicted, tried and convicted of various terrorism related offenses in the Eastern District of Virginia. See generally U.S. v. Abu Ali, No. 05-CR-0053-GBL (E.D. Va.). Mr. Abu Ali's indictment and trial generated a fair amount of press and publicity.[2] Moreover, FBI agents were prominent witnesses at both the suppression hearing and the trial. See, e.g., Abu Ali,

---

[2] By way of example, a Nexis search for "Ahmed Abu Ali" or "Ahmed Omar Abu Ali" on November 23, 2005, the day after Mr. Abu Ali was convicted, generated 50 news articles alone. A similar search for the month of October 2005 – the period in which the criminal court heard testimony on Mr. Abu Ali's suppression motion, and the criminal trial began – generated 82 news reports.

395 F. Supp. 2d at 348 (suppression hearing opinion; discussing the "FBI-Secret Service Role"); Matthew Barrakat, Associated Press, *Abu Ali to parents: "Everyone makes mistakes",* Nov. 2, 2005 (discussing FBI testimony at trial). Indeed, upon Mr. Abu Ali's conviction, the Justice Department issued a press release noting, inter alia, that "[t]he case was investigated by agents of the Washington Field Office of the Federal Bureau of Investigation." Department of Justice, Press Release, Nov. 22, 2005, available at <http://washingtondc.fbi.gov/dojpressrel/pressrel05/wfousa112205.htm>.

In light of the intervening indictment, trial, and conviction of Mr. Abu Ali, and the public acknowledgment of the FBI's role in investigating the case, when the FBI was served with the Summons and Complaint in this case, it determined that an acknowledgment of the existence of responsive records would no longer constitute an unwarranted invasion of personal privacy. Accordingly, the FBI conducted a search for responsive documents at FBI headquarters utilizing the FBI's document indexing system. Hardy Decl., ¶¶ 15, 21.[3] This is the means by which the FBI typically conducts the reasonable search for documents required by the FOIA. Hardy Decl., ¶ 21; see also Hardy Decl., ¶¶ 16-20 (describing FBI document indexing system); 5 U.S.C. § 552(a)(3)(D) (search can include manual or automated review of agency records). Because this search identified fewer responsive records than expected, the FBI decided to undertake a more comprehensive – and time-consuming – hand search for responsive records at FBI headquarters. Hardy Decl., ¶ 22. The FBI currently anticipates that it can complete this time-consuming hand

[3] As noted above, plaintiff's FOIA request was addressed to FBI headquarters. Pursuant to the Department of Justice's FOIA regulations, such requests are processed for records held at headquarters. "For records held by a field office of the [FBI] . . . [the FOIA requester] must write directly to that FBI . . . field office address." 28 C.F.R. § 16.3(a).

search, and prepare a *Vaughn* index, by the middle of May. Hardy Decl., ¶ 23.

## DISCUSSION

### I. The FBI Is Not a Proper Defendant in this Case.

Plaintiff has brought this action against both the FBI and the Department of Justice. The FOIA, however, grants district courts the "jurisdiction to enjoin the *agency* from withholding agency records . . ." 5 U.S.C. § 552(a)(4)(B) (emphasis added). The term "agency" is defined to include "any executive department . . . or other establishment in the executive branch of the Government . . . or any independent regulatory agency." 5 U.S.C. § 552(f)(1). As the legislative history makes clear, "it is not intended that the term 'agency' be applied to subdivisions, offices or units within an agency." S. Conf. Rep. No. 93-1200 (1974), reprinted in 1974 U.S.C.C.A.N. 6285, 6293. The FBI is a component of the Department of Justice, and not an "agency" as defined by the FOIA. Thus, the FBI should be dismissed as a defendant in this action. See, e.g., Judicial Watch, Inc. v. FBI, 190 F. Supp. 2d 29, 30 n.1 (D.D.C. 2002); Pray v. FBI, No. 95-380, 1995 WL 764149, at *3 (S.D.N.Y. Dec. 28, 1995) ("a majority of courts have concluded that neither an individual officer nor the FBI are proper parties to such a suit, but that the Department of Justice is."). Such dismissal will in no way prejudice plaintiff, as any order of this Court will bind the Attorney General, as head of the Department of Justice, as well as his agents, including the FBI and its director. Pray, 1995 WL 764149 at *3.[4] Accordingly, the FBI should be

[4] Plaintiff contends that defendants are asking this Court to "exempt all FBI records from the reach of the FOIA." Pl.'s Resp. in Opp. to Defs.' Resp. to Feb. 13, 2006 Court Order and in Further Support of Pl. Mot. for Summ. J. ("Pl. Supp. Mem.") at 4 n.2. Defendants are asking no such thing. Rather, defendants merely ask this Court to make clear that the only proper defendant before the Court is the Department of Justice, of which the FBI is a component. The fact that Department of Justice regulations require that FOIA requests be directed to the FBI or its field offices for administrative processing when those requests seek FBI documents in no way affects

dismissed as a defendant in this action.

## II. Plaintiff's Summary Judgment Motion Should Be Denied

As suggested by the Court's February 13, 2006 Order, a typical FOIA case proceeds in the following fashion: a scheduling order is entered by the Court; defendants file a motion for summary judgment setting forth the nature of the search they conducted and justifying any exemptions identified on an accompanying *Vaughn* index; plaintiffs challenge the scope of the search and/or the exemptions claimed if appropriate; and the Court decides whether defendants have properly complied with the Act's requirements. See, e.g., Wickwire Gavin, P.C. v. U.S. Postal Service, 356 F.3d 588, 591 (4th Cir. 2004) ("FOIA cases are generally resolved on summary judgment *once the documents at issue have been properly identified*") (emphasis added). The logic behind such a procedure is obvious – because defendants are the ones in possession of responsive documents, they are the ones who must, in the first instance, conduct the search for documents and identify the applicable FOIA exemptions. While plaintiff is correct that the Federal Rules of Civil Procedure as a general matter allow a plaintiff to file a motion for summary judgment 20 days after the filing of an action, Fed. R. Civ. P. 56(a); see Pl. Supp. Mem. at 2, such a procedure makes little sense in the FOIA context, as Plaintiff cannot identify with any precision what specific records it believes have been improperly withheld absent the initial production of a *Vaughn* index by defendants.

And, indeed, the Order sought by plaintiff in her Motion is not, as she claims, a final judgment on her FOIA claims, but rather a scheduling order requiring the defendants to produce a

---

the determination of whether or not the FBI is a proper defendant in a FOIA case. Compare Pl. SJ Mem. at 13 (relying on FBI's FOIA Web site).

*Vaughn* index by a date certain. Presumably, plaintiff does not intend to abandon her opportunity to challenge the propriety of any exemptions claimed on the *Vaughn* index she seeks. And it would be such a challenge – seeking the production of specific, identified documents – that would be the proper basis for a summary judgment motion by plaintiff. For such a motion would, if successful, result in the very type of judgment contemplated by the statute – one "ordering the production of agency records improperly withheld." 5 U.S.C. § 552(a)(4)(B). The generic language of plaintiff's proposed order, by contrast, would do no more than establish a timeline by which defendants would be required to respond to plaintiff's FOIA request. Indeed, the proposed order's provision for a *Vaughn* index demonstrates that plaintiff does not (and could not in good faith) claim that any responsive records not yet provided to her have been "improperly withheld" as that term is used in the statute. For such a determination can only be made once the relevant records at issue have been identified.

Nor has plaintiff established her entitlement to summary judgment in any event. Plaintiff herself recognizes that in order to be entitled to summary judgment she must demonstrate that (1) agency records were (2) improperly (3) withheld. See Pl. Supp. Mem. at 3. Plaintiff's listing of various documents referenced in the Abu Ali criminal trial, see Pl. SJ Mem. at 7-8, does not establish that those documents are within the possession and control of FBI headquarters where her FOIA request was directed (as opposed to an FBI field office, see 28 C.F.R. § 16.3(a))[5] or that they were improperly withheld. Indeed, as just discussed, plaintiff apparently recognizes this as she does not seek an order directing the production of these specific documents, but merely a

[5] As noted above, the FBI's Washington Field Office investigated Mr. Abu Ali's case, and it is likely that most documents relating to him would be found there.

generic order requiring the production of non-exempt responsive documents.

At bottom, plaintiff is essentially seeking an order requiring defendants to file their summary judgment motion in 30 days. Defendants have requested until May 26, 2005 to complete their search for responsive records, prepare an appropriate *Vaughn* index, and move for summary judgment. As explained above, defendants did not conduct a search for responsive records when they received plaintiff's FOIA request because at that time the FBI's involvement in the Abu Ali case had not been publically acknowledged and even acknowledging the existence of responsive records would have constituted an unwarranted invasion of Mr. Abu Ali's privacy. Hardy Decl., ¶¶ 9-14. See generally U.S. Dep't of Justice v. Reporter's Committee for Freedom of the Press, 489 U.S. 749 (1989); Blanton v. U.S. Dep't of Justice, 64 Fed. Appx. 787, 789 (D.C. Cir. 2003); SafeCard Servcs. v. SEC, 926 F.2d 1197, 1206 (D.C. Cir. 1991).

Once plaintiff filed and served the Complaint in this action, defendants determined that in light of the subsequent publicity surrounding Mr. Abu Ali's indictment, trial and conviction, and in light of the press release specifically identifying the FBI's role in investigating Mr. Abu Ali's case, the blanket privacy concerns identified above no longer existed. Accordingly, the FBI conducted a search for responsive documents using its document indexing system. Hardy Decl., ¶ 21. Because this search identified fewer responsive records than expected, the FBI decided to undertake a more comprehensive – and time-consuming – hand search for responsive records at FBI headquarters. Hardy Decl., ¶ 22. Rather than relying on the automated search that it typically conducts in response to FOIA requests, the FBI decided to undertake such a hand search

in a good faith effort to comply with its FOIA obligations.[6] It should not now be punished for this decision by being ordered to complete such a search in an unreasonable period of time. A hand search, as its name implies, requires the physical search of files by hand, and is thus a time-consuming process. Hardy Decl., ¶ 22. The FBI currently anticipates that it can complete this time-consuming hand search for responsive records at FBI headquarters, and prepare a *Vaughn* index, by the middle of May, Hardy Decl., ¶ 23, and defendants will be prepared to file a summary judgment motion shortly thereafter. For this reason as well, plaintiff's Motion should be denied, and the Court should enter the schedule proposed by defendants.[7]

**CONCLUSION**

For the reasons set forth above, plaintiff's Motion should be denied, the FBI should be dismissed as a defendant in this action, and defendants should be given until May 26, 2005 to file a motion for summary judgment.

Dated: March 29, 2006.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

---

[6] The FBI could have relied on the results of its automated search, and waited to see if plaintiff challenged the adequacy of that search.

[7] As noted in the Hardy Declaration, the FBI does not at this time know how many responsive documents it might find at FBI headquarters, or the nature of those documents. Hardy Decl., ¶ 23. Accordingly, the estimated time required to process plaintiff's request might change once responsive records are identified. Id. In the event that defendants learn that they will not be able to meet the May 26, 2006 proposed deadline, they will promptly inform the Court.

/s/
________________________________

ORI LEV (D.C. Bar No. 452565)
Senior Trial Counsel
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail: P.O. Box 883
Washington, D.C. 20044
Street: 20 Massachusetts Ave., N.W.
Room 7330
Washington, DC 20001
Ph: (202) 514-2395
Fax: (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants*