**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

|                                                    |   |                        |
|----------------------------------------------------|---|------------------------|
| ELISABETH T. KIDDER,                               | ) |                        |
|                                                    | ) |                        |
|                              Plaintiff,            | ) |                        |
|                                                    | ) |                        |
|                    v.                              | ) | No. 05-CV-01094 (RBW)  |
|                                                    | ) |                        |
| FEDERAL BUREAU OF INVESTIGATION,                   | ) |                        |
| et al.,                                            | ) |                        |
|                                                    | ) |                        |
|                        Defendants.                 | ) |                        |

---

**DEFENDANTS' STATEMENT OF GENUINE ISSUES**
**IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to LCvR 7.1(h), defendants hereby submit this Statement of Genuine Issues in Opposition to Plaintiffs' Motion for Summary Judgment and in response to Plaintiffs' Statement of Genuine Issues of Material Fact Not in Dispute ("Plaintiff's Statement of Facts" or "Pl. Facts").

Defendants respond to each of the numbered paragraphs of Plaintiffs's Statement of Facts as follows:

1.      Admitted, except that defendants deny that any records have yet been withheld from plaintiff.

2.      Admitted.

3.      This paragraph sets forth conclusions of law to which no response is required.  To the extent a response is required, defendants admit that this Court has jurisdiction over defendant the Department of Justice, but deny that the Court has jurisdiction over defendant the Federal Bureau of Investigation ("FBI").

4.      This paragraph sets forth conclusions of law to which no response is required.  To

the extent a response is required, defendants admit that venue is proper in this Court.

5. Admitted.

6. Admitted.

7. Admitted, except that the letter did not "direct" plaintiff to appeal the denial of her request, but merely provided an address at which she could do so.

8. Admitted.

9. Admitted.

10. Admitted.

11. This paragraph sets forth conclusions of law to which no response is required. To the extent a response is required, defendants deny that they were required to act upon plaintiff's appeal by March 9, 2005, in light of the backlog of appeals pending.

12. Admitted.

13. Admitted. "An appeal ordinarily will not be acted on if the request becomes a matter of FOIA litigation." 28 C.F.R. § 16.9(a)(3).

14. Admitted.

15. Admitted.

In addition to the above, Defendants set forth the additional material facts demonstrating that plaintiff's motion should be denied:

1. Plaintiff's request sought records about a third party for whom no privacy waiver or proof of death had been provided. Declaration of David M. Hardy ("Hardy Decl."), ¶ 14.

2. Accordingly, the FBI applied its standard policy and neither confirmed nor denied the existence of responsive records. Instead, the FBI returned the request to plaintiff and asked

that she submit either a privacy waiver or a proof of death for Mr. Abu Ali.  Hardy Decl., ¶ 14.

3.    To release any records responsive to plaintiff's request or even to acknowledge their existence, if they did exist, could have subjected the FBI to possible action by Ahmed Abu Ali under the Privacy Act.  Hardy Decl., ¶ 14.

4.    Since the FBI's initial response to plaintiff's FOIA request, Ahmed Abu Ali has been indicted, publicly tried and convicted.  Hardy Decl., ¶ 15.

5.    Mr. Abu Ali's trial generated substantial publicity.  Hardy Decl., ¶ 15.

6.     Moreover, the FBI's role in investigating Mr. Abu Ali's case has been publicly acknowledged.  Hardy Decl., ¶ 15.

7.    As a result of these events, after plaintiff filed the instant lawsuit the FBI determined that it was no longer necessary to neither confirm nor deny the existence of records relating to Mr. Abu Ali, because the mere acknowledgment that such records exist would no longer constitute an unwarranted invasion of personal privacy.  Hardy Decl., ¶ 15.

8.    Accordingly, the FBI determined to conduct a search for responsive records at FBI headquarters.  Hardy Decl., ¶ 15.

9.    The FBI first conducted a CRS search for responsive documents.  Hardy Decl., ¶ 21.

10.    A CRS search is the standard means by which the FBI typically conducts searches for records responsive to FOIA requests.  Hardy Decl., ¶ 21.

11.    The FBI used Mr. Abu Ali's name, as well as his date of birth and Social Security number, to facilitate the identification of responsive records.  Hardy Decl., ¶ 21.

12.    This search failed to locate any main investigatory files responsive to plaintiff's

request at FBI headquarters, but it did locate two cross references.  Hardy Decl., ¶ 21.

13.    Because this CRS search identified fewer responsive records than expected, the FBI has decided to conduct a hand search for records in the files of those individuals at FBI headquarters likely to have responsive records.  Hardy Decl., ¶ 22.

14.    At this time, FBIHQ expects to complete this search, and to complete the processing of any responsive records identified (including the preparation of a *Vaughn* index) by mid-May 2006.  Hardy Decl., ¶ 23.

Dated: March 29, 2006.                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH J. SHAPIRO
Assistant Branch Director

_____/s/_____
ORI LEV  (D.C. Bar No. 452565)
Senior Trial Counsel
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:   P.O. Box 883
            Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
            Room 7330
            Washington, DC  20001
Ph:     (202) 514-2395
Fax:    (202) 318-7589
Email:  ori.lev@usdoj.gov

*Attorneys for Defendants*