IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELISABETH T. KIDDER )
 )
    Plaintiff, )
 )
    v. ) Civil. Action No. 05-CV-01094
 )
FEDERAL BUREAU OF INVESTIGATION )
et al., )
 )
    Defendants. )
 )

## SECOND DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate, at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 233

1

employees who staff a total of ten (10) units and a field operational service center unit whose collective mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§ 1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specially, I am aware of the treatment which has been afforded the FOIA request of Elisabeth T. Kidder.

(4)     The purpose of this declaration is to provide the Court and plaintiff with a description of the search for records responsive to plaintiff's request to FBIHQ.

---

[1] 60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552 (b)(1).

2

## SEARCH FOR RECORDS RESPONSIVE TO PLAINTIFF'S REQUEST

(5)     Upon receipt of the complaint in this litigation, the FBI conducted a search of the Central Records System (CRS) for records responsive to the plaintiff's request. The CRS files are the means by which the FBI can determine what retrievable information, if any, the FBI may have in its CRS files on a particular subject matter or <u>individual, i.e.</u>, Ahmed Abu Ali. FBIHQ searched the CRS using Ahmed Abu Ali's name in order to locate any main investigatory files maintained at HQ.

(6)     In the absence of a specific request for a search of cross-references at the administrative level, the FBI's current policy is to search for and identify only "main" files responsive to FOIA requests. In this case, at the administrative level, plaintiff did not specifically request that a search be conducted for cross-references.

(7)     Because the CRS search identified fewer responsive records than anticipated, it was determined that the FBI should search the FBIHQ indices of the CRS for cross-references. This search identified two cross-references on Ahmed Abu Ali. In addition, RIDS requested FBIHQ personnel likely to have records responsive to plaintiff's request to conduct a manual search for records and provide responses by close of business April 6, 2006. The results of this manual search identified one Laboratory file consisting of 149 pages and a multi volume file maintained by the FBI's Legal Attache in Riyadh, Saudi Arabia (Legat Riyadh).[3] Legat Riyadh did not completely identify all the files responsive to the plaintiff's request until April 17, 2006. Legat Riyadh advised that many of the

---

[3] An FOIA request addressed to FBIHQ includes all records in the possession of FBI Legats likely to have responsive records. It does not, however, cover FBI field offices. See 28 C.F.R. §§ 16.3 (a), 16.41 (a).

3

documents in the responsive files are classified and must be sent by "diplomatic pouch" through the United States State Department. Legat Riyadh estimated, based on his experience, that it would take four to six weeks for FBIHQ to receive documents sent by diplomatic pouch.

(8) The Laboratory file that was identified as responsive to the plaintiff's request also contained classified information. This file was immediately sent to the Classification Review Unit. RIDS maintains three Classification Units ("CUs") that are responsible for complying with the classification/ declassification review of FBI records under Executive Order 12958, as amended. The CUs review documents responsive to FOIA/Privacy Act requests, criminal and civil discovery requests, Congressional and Presidential mandates, Presidential Library requests, mandatory declassification requests, Office of Inspector General Reports, and other federal agency requests in order to determine whether such material should remain classified or be declassified. The classification review of the laboratory file identified as responsive to the plaintiff's request should be completed by May 10, 2006.

(9) RIDS/FOIPA Units ("Disclosure Units") will begin processing the Laboratory file responsive to the plaintiff's request as soon as the classification review is completed. "Processing" involves a page-by-page, line-by-line review of the responsive documents to determine which, if any, FOIA and/or Privacy Act exemptions may apply. This includes redaction of the exempt material and notation of the applicable exemption(s) in the margins of each page and/or preparation of deleted page information sheets when pages are withheld in their entireties. During the course of their review, the Disclosure Units consult with other government agencies for their determination as to the releasability of their information contained within FBI records, or refer non-FBI documents to those originating

agencies for processing and direct response. The Disclosure Units ensure that FOIA and/or Privacy Act exemptions have been applied properly, no releasable material has been withheld, no material meriting protection has been released, all necessary classification reviews have been completed, and other government agency information and/or entire documents originating with other government agencies have been properly handled.

(10)  The Classification and Disclosure Units will expedite the processing of the Laboratory file with the goal of ensuring that a release of the responsive records from that file will be made to the plaintiff before May 31, 2006. In addition, the two responsive records identified by the computer search for cross-references, consisting of approximately 7 pages, will be provided to the plaintiff at that time.

## CONCLUSION

(11)  The FBI anticipates releasing to the plaintiff all responsive, non-exempt records located at FBIHQ prior to May 31, 2006. Once the remaining responsive documents are received from Legat Riyadh, the FBI will provide the Court with a declaration indicating how long it will take to complete the classification review, process and release non-exempt responsive records to the plaintiff.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this _____ day of May, 2006.

_____
DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Records Management Division
Federal Bureau of Investigation
Washington, D.C.