IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISABETH T. KIDDER, | ) |
| Plaintiff, | ) |
| v. | ) No. 05-CV-01094 (RBW) |
| FEDERAL BUREAU OF INVESTIGATION, et al., | ) |
| Defendants. | ) |

**DEFENDANTS' STATUS REPORT**

Pursuant to the Court's May 30, 2006 Order, Defendants provide the following status report and proposed briefing schedule.

<u>Processing to Date</u>

As the Court is aware, plaintiff's FOIA request, which was sent to FBI headquarters, sought documents relating to Ahmed Abu Ali. Compl., ¶ 5. The FBI has located three sets of records responsive to plaintiff's request – two cross-reference documents, a Laboratory file at FBI headquarters and a multi-volume file maintained by Legat Riyadh. Third Declaration of David M. Hardy, ¶ 5 (attached hereto as Exh. 1).

By letter dated May 26, 2006, the FBI released 25 pages of responsive records to plaintiff, consisting of the two cross-reference documents and the public source documents contained within the Laboratory file. <u>Id.</u>, ¶ 6 and Exhibit A thereto. In the course of processing the Laboratory file, it was determined that – in light of the pendency of an appeal in Mr. Abu Ali's criminal case, and the ongoing nature of the investigation pursuant to which the file was created – the non-public source records in the file are exempt from disclosure pursuant to FOIA

Exemption 7(A). Id., ¶ 14 n.5. All of the remaining records from the Laboratory file were therefore withheld pursuant to FOIA Exemption (7)(A). Id., ¶ 6 and Exhibit A thereto. In addition, all or parts of the remaining records from the Laboratory file were also withheld pursuant to FOIA exemptions (1), (2), (6), (7)(C) and (7)(E). Id.

On May 12, 2006, FBI headquarters received the multi-volume file from Legat Riyadh. Id., ¶ 7.[1] In light of the applicability of Exemption (7)(A) to the non-public source records in the Laboratory file, and in an effort to provide plaintiff with releasable records from the Legat Riyadh file as soon as possible, that file was preliminarily reviewed in order to identify any public source documents contained in it. Id. Eight pages of public source documents contained within the Legat Riyadh file were released to plaintiff by letter dated June 12, 2006. Id., ¶ 7 and Exhibit B thereto.

In light of the applicability of Exemption (7)(A) to the non-public source records in the Laboratory file, the Legat Riyadh file was also reviewed to ascertain whether the remaining documents in the file were exempt from disclosure pursuant to FOIA Exemption (7)(A). Id., ¶ 7. That review led to the conclusion that the remaining records in the Legat Riyadh file are exempt from disclosure pursuant to FOIA Exemption (7)(A). Id. ¶¶ 7, 9-10. Other FOIA exemptions also likely apply to these records. Id., ¶ 7.

Defendants' Proposed Briefing Schedule

In light of the fact that all withheld records responsive to plaintiff's FOIA request are exempt from disclosure pursuant to FOIA Exemption 7(A), defendants propose to first litigate

---

[1] As previously explained, the Legat Riyadh file had to be returned to the United States from Saudi Arabia for FOIA processing. See Defendants' Unopposed Motion for Extension of Time at 2-3.

the applicability of the claimed 7(A) Exemption. In the event that the Court denies the applicability of Exemption 7(A) to some or all of the records at issue, defendants would then proceed to further process those records, and provide a detailed Vaughn index in support of a summary judgment motion asserting any other claimed exemptions. In this way, the propriety of defendants' invocation of Exemption 7(A) can be determined in a more timely manner, without defendants having to prepare, plaintiff having to respond to, and the Court having to review, a lengthy and detailed Vaughn declaration.

As the Court is no doubt aware, Exemption 7(A) may be supported in litigation with a more categorical declaration than the detailed Vaughn index required for invocation of many other FOIA exemptions. See Maydak v. U.S. Dep't of Justice, 218 F.3d 760, 765-66 (D.C. Cir. 2000). Thus, "[i]t is well established that the government can satisfy its burden of proof under Exemption 7(A)" by providing declarations that "group[] the requested records into categories and offer[] generic reasons for withholding the documents in each" category. Id. at 763. See also Third Hardy Declaration, ¶ 10. For this reason, although preparation of a declaration in support of Exemption (7)(A) is a time-consuming process, it is not nearly as time-consuming as preparation of the detailed Vaughn index required to support invocation of many of the other FOIA exemptions. Id. The FBI currently anticipates that it could complete preparation of an appropriate declaration supporting its application of Exemption 7(A) by July 21, 2006. Id.

In contrast to the categorical approach applicable to Exemption 7(A), the FBI's general processing of records for FOIA purposes entails a three-step process involving classification/declassification review, processing of the records for identification of applicable exemptions, and preparation of a detailed Vaughn index. See generally Id. ¶¶ 11-16. The first

step in the process entails review of the records at issue for classification issues. Id. ¶¶ 13-14. It is anticipated that the classification/declassification review of the Legat Riyadh file would take approximately one month. Id., ¶ 14.[2] Following this review, the records are meticulously reviewed page-by-page and line-by-line to determine which, if any, FOIA and/or Privacy Act exemptions may apply. Id. ¶ 15. In the course of this process, specific exemptions are noted on the records and non-FBI records are referred to the appropriate government agency for processing. Id. It is currently anticipated that the processing of the Legat Riyadh file would take approximately one month after completion of the classification/declassification review. Id.[3] Finally, the Vaughn index is prepared and the redacted records are prepared for release. Id., ¶ 16. This process entails another review to assure that appropriate exemptions have been claimed, more precise notation of the exemptions on the records, preparation of the redacted records for release, and preparation of the Vaughn index. Id. It is currently anticipated that this phase of the processing of the Legat Riyadh and Laboratory files, and the preparation of a detailed Vaughn index, would take approximately ninety days to complete, once the prior steps in the process have been completed. Id. Thus, the total anticipated time for processing of the records responsive to plaintiff's request, and preparation of a Vaughn index in support of what are anticipated to be substantial withholdings, is approximately 150 days (in comparison to the 36 days required to prepare a declaration in support of Exemption 7(A)). Id., ¶ 17.[4]

---

[2] The Laboratory file has already undergone classification/declassification review. Id., ¶ 14 n. 5.

[3] The Laboratory file has already undergone this stage of processing. Id., ¶ 14 n. 5.

[4] As noted above, in processing the Laboratory file, the FBI also identified these additional FOIA exemptions applicable to some or all of the records withheld: Exemptions (1),

In light of the labor-intensive and time-consuming process involved in preparing a Vaughn declaration with respect to the records that have been withheld to date pursuant to Exemption 7(A), defendants propose first briefing the applicability of that Exemption. Defendants are confident of their ability to show that the FBI has acted properly in withholding the requested records pursuant to Exemption 7(A). Defendants, however, do not wish to be in a position in which they are deemed to have waived their right to rely on additional exemptions that are applicable to some or all of the records. See Maydak, 218 F.3d at 765, 769. Accordingly, pursuant to defendants' proposal, in the event that the Court were to determine that Exemption 7(A) is inapplicable to some or all of the records at issue, defendants would then proceed to process those records, and provide a detailed Vaughn index in support of a motion for summary judgment with respect to the remaining records and exemptions. See U.S. Dep't of Justice, Office of Information and Privacy, Freedom of Information Act Guide and Privacy Act Overview at 823 (2004) ("the prudent course of action would be to obtain the court's permission to raise the threshold defense first in order to specifically reserve the right to invoke the remaining exemptions at a later date, if necessary."). Such an approach is particularly appropriate in this case, where (i) the applicability of Exemption 7(A) is relatively clear in light of the pendency of Mr. Abu Ali's appeal in his criminal case and the ongoing nature of the underlying investigation, see, e.g., Kansi v. U.S. Dep't of Justice, 11 F. Supp. 2d 42, 44 (D.D.C. 1998) (pending appeal in criminal case constitutes pending law enforcement proceeding), and (ii)

---

(2), (6), (7)(C) and (7)(E). These same exemptions are likely to be applicable to the Legat Riyadh file as well. Moreover, because plaintiff has sought records of a third-party and has not provided a Privacy Act waiver from that individual, most or all of the records at issue are likely to be exempt pursuant to Exemptions 6 and 7(C) of the FOIA, which provide for exemptions for records the disclosure of which would constitute an "unwarranted invasion of personal privacy."

many if not all of the records withheld pursuant to Exemption 7(A) are also likely exempt from disclosure pursuant to Exemptions 6 and 7(C), as they relate to an investigation of a third-party from whom no Privacy Act waiver has been obtained, see U.S. Dep't of Justice v. Reporters' Comm. for Freedom of the Press, 489 U.S. 749, 780 (1989) ("we hold as a categorical matter that a third party's request for law enforcement records or information about a private citizen can reasonably be expected to invade that citizen's privacy").  In such circumstances, it would be a waste of the FBI's and the Court's resources (as well as plaintiff's time in responding) for the FBI to prepare a detailed Vaughn index with respect to the records absent a determination that Exemption 7(A) does not apply.

      Accordingly, defendants propose the following briefing schedule in the attached proposed order: defendants' motion for summary judgment with respect to the applicability of Exemption 7(A) due August 11, 2006 (three weeks after the FBI anticipates it will have a completed declaration in support of Exemption 7(A)); plaintiff's opposition due September 8, 2006; and defendants' reply due September 22, 2006.  In order to ensure that defendants do not waive their rights to invoke additional FOIA exemptions in the event that the Court finds Exemption 7(A) inapplicable, defendants have included an express anti-waiver provision in the attached proposed order, and ask that such a provision be included in any order issued by the Court.

      Alternatively, in the event that the Court does not agree with the approach set forth above and instead orders defendants to file a summary judgment motion asserting and supporting all applicable FOIA exemptions, defendants propose the following schedule, which accounts for the 150 days that the FBI anticipates it will take to prepare a detailed Vaughn index: defendants' motion for summary judgment due 180 days after the issuance of the Court's order (allowing one

month to prepare a brief in support of summary judgment after the declaration is complete); plaintiff's opposition due 30 days thereafter; and defendants' reply due 14 days thereafter.[5]

Accordingly, defendants respectfully request that the Court enter the attached proposed Order as a scheduling order in this case.

The undersigned attempted to consult plaintiff regarding the proposal set forth above, by leaving her voice messages on June 13 and June 14, 2006, but did not hear back from her.

Dated: June 15, 2006.                    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

ELIZABETH SHAPIRO
Assistant Branch Director

_____/s/_____
ORI LEV (D.C. Bar No. 452565)
Senior Trial Counsel
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail: P.O. Box 883
       Washington, D.C. 20044
Street: 20 Massachusetts Ave., N.W.
       Room 7330
       Washington, DC 20001
Ph:   (202) 514-2395
Fax:  (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants*

---

[5] This alternative schedule is tied to the date the Court issues a scheduling order because the FBI is not currently processing the records – other than for 7(A) purposes – for the reasons set forth above.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISABETH T. KIDDER,<br><br>      Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>      Defendants. | No. 05-CV-01094 (RBW) |

[Proposed]
**ORDER**

It is hereby

ORDERED that defendants shall file their motion for summary judgment based on the applicability of 5 U.S.C. § 552(b)(7)(A) (Exemption 7(A)) by August 11, 2006; plaintiff shall file her opposition by September 8, 2006; and defendants shall file their reply, if any, by September 22, 2006; and it is further

ORDERED that the filing of above-referenced summary judgment motion by defendants shall not constitute a waiver of any claim that additional FOIA exemptions other than Exemption 7(A) apply to the records at issue.

SO ORDERED.


Dated: _____      _____
                                  REGGIE B. WALTON
                                  United States District Judge