1

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISABETH T. KIDDER )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>FEDERAL BUREAU OF INVESTIGATION )<br>et al., )<br>)<br>Defendants. )<br>) | Civil. Action No. 05-CV-01094 |

### THIRD DECLARATION OF DAVID M. HARDY

I, David M. Hardy, declare as follows:

(1) I am currently the Section Chief of the Record/Information Dissemination Section ("RIDS"), Records Management Division ("RMD"), at Federal Bureau of Investigation Headquarters ("FBIHQ") in Washington, D.C. I have held this position since August 1, 2002. Prior to my joining the FBI, from May 1, 2001 to July 31, 2002, I was the Assistant Judge Advocate General of the Navy for Civil Law. In that capacity, I had direct oversight of Freedom of Information ("FOIA") policy, procedures, appeals, and litigation for the Navy. From October 1, 1980 to April 30, 2001, I served as a Navy Judge Advocate at various commands and routinely worked with FOIA matters. I am also an attorney who has been licensed to practice law in the State of Texas since 1980.

(2) In my official capacity as Section Chief of RIDS, I supervise approximately 240 employees who staff a total of ten (10) units and a field operational service unit whose collective

1

mission is to effectively plan, develop, direct and manage responses to requests for access to FBI records and information pursuant to the FOIA; Privacy Act; Executive Order 12958, as amended; Presidential, Attorney General and FBI policies and procedures; judicial decisions and other Presidential and Congressional directives. My responsibilities also include the review of FBI information for classification purposes as mandated by Executive Order 12958, as amended,[1] and the preparation of affidavits/declarations in support of Exemption 1 claims asserted under the FOIA.[2] I have been designated by the Attorney General of the United States as an original classification authority and a declassification authority pursuant to Executive Order 12958, as amended, §§1.3 and 3.1. The statements contained in this declaration are based upon my personal knowledge, upon information provided to me in my official capacity, and upon conclusions and determinations reached and made in accordance therewith.

(3)     Due to the nature of my official duties, I am familiar with the procedures followed by the FBI in responding to requests for information from its files pursuant to the provisions of FOIA, 5 U.S.C. § 552, and the Privacy Act of 1974, 5 U.S.C. § 552a. Specially, I am aware of the treatment which has been afforded the FOIA request of Elisabeth T. Kidder for information pertaining to Ahmed Abu Ali.

(4)     The purpose of this declaration is to provide information in support of the status report that defendants are required to file by June 15, 2006.

---

[1] 60 Fed. Reg. 19825 (1995) and 69 Fed. Reg. 15315 (2003).

[2] 5 U.S.C. § 552 (b)(1).

2

## DOCUMENTS RELATED TO AHMED ABU ALI AND RELEASES TO DATE

(5) The Second Declaration of David Hardy (See ¶ 7) identified three separate sets of records relating to Ahmed Abu Ali that are responsive to plaintiff's FOIA request. The three separate sets of records consisted of two cross reference documents, a Laboratory file, and a multi-volume file maintained by Legat Riyadh.

(6) By letter dated May 26, 2006, the FBI released 25 pages of responsive records to plaintiff, consisting of the two cross reference documents and the public source documents contained within the Laboratory file. All of the remaining records from the Laboratory file were withheld pursuant to FOIA Exemption (b)(7)(A).[3] (See Exhibit A.) In addition, all or parts of the remaining records from the Laboratory file were also withheld pursuant to FOIA exemptions (b)(1), (b)(2), (b)(6), (b)(7)(C) and (b)(7)(E). (See Exhibit A.)

(7) On May 12, 2006, FBIHQ received the multi-volume file from Legat Riyadh. In an effort to provide plaintiff with releasable records from the file as soon as possible, the file was preliminarily reviewed in order to identify any public source documents contained in it. In light of the applicability of Exemption (b)(7)(A) to the non-public source records in the Laboratory file, the Legat Riyadh file was also reviewed to ascertain whether the remaining documents in the file were exempt from disclosure pursuant to FOIA Exemption (b)(7)(A). Eight pages of public source documents contained within the Legat Riyadh file were released to plaintiff by letter dated June 12, 2006. (See Exhibit B.) As explained below, the remainder of the records in the Legat Riyadh file are exempt from

---

[3] References to FOIA Exemptions reflect the parallel subsection of 5 U.S.C. § 552 setting forth those exemptions. See 5 U.S.C. § 552 (b).

3

disclosure pursuant to FOIA Exemption (b)(7)(A). Other FOIA exemptions also likely apply to these records.

## EXPLANATION OF THE PROCESS OF REVIEWING PENDING MATERIAL

### Exemption 7 (A)

(8)   Title 5 U.S.C. § 552 (b)(7)(A), exempts from disclosure:

> "Records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information could reasonably be expected to interfere with enforcement proceedings."

(9)   Application of this exemption requires the existence of law enforcement records; a pending or prospective law enforcement proceeding; and a reasonable expectation that release of the information would interfere with the law enforcement proceeding. The remaining records responsive to the plaintiff's request are exempt from disclosure pursuant to Exemption (b)(7)(A) because they are law enforcement records. They were created to support a criminal/intelligence investigation that is still pending; and release of the remaining records would interfere with a law enforcement proceeding.

(10)  Invocation of exemption (b)(7)(A) in litigation involves a three-part process requiring the government to review each document withheld on a document by document basis; to group the documents into functional categories and describe the categories; and to explain why release of each category would interfere with law enforcement proceedings. To support a motion for summary judgment based on Exemption (b)(7)(A), the FBI will provide an appropriate declaration concerning the applicability of the Exemption to the records at issue in this case (all of the records withheld from both the Laboratory file and the Legat Riyadh file). The FBI can provide an appropriate declaration in

4

support of Exemption (b)(7)(A) by July 21, 2006. Although preparation of a declaration in support of Exemption (b)(7)(A) is a time-consuming process, it is not nearly as time-consuming as preparation of the detailed <u>Vaughn</u> index required to support invocation of many of the other FOIA exemptions.

### Other Exemptions

(11) As just noted, preparation of a <u>Vaughn</u> index supporting the invocation of most FOIA exemptions is a labor-intensive and time-consuming task, particularly when a large volume of records is involved. A detailed description of the process required for preparation of such a <u>Vaughn</u> index is provided in the paragraphs below.

(12) Processing of responsive records involves the Classification Units, FOIA Units and the Litigation Support Unit.

(13) RIDS consists of three Classification Units ("CUs") that are responsible for complying with the classification and declassification review of FBI records under Executive Order 12958, as amended. The CU's review documents responsive to FOIA/Privacy Act requests, criminal and civil discovery requests, Congressional and Presidential mandates, Presidential Library requests, mandatory declassification requests, Office of Inspector General Reports, and other federal agency requests in order to determine whether such material should remain classified or be declassified. In addition, CUs review and prepare classified material for review by the Department of Justice Review Committee ("DRC").[4]

---

[4] The DRC is the FBI's appellate authority with regard to the implementation and administration of Executive Order 12958, as amended, and related directives and guidelines concerning classified information. <u>See</u> 28 C.F.R. § 17.14.

5

(14)    The first step in processing responsive records for preparation of a <u>Vaughn</u> index consists of the classification and declassification review described above. It is expected that the classification and declassification review of the multi-volume Legat Riyadh file identified as responsive to the plaintiff's request would take approximately one month.[5]

(15)    RIDS/FOIA Units ("Disclosure Units") begin processing the records once the classification review is completed. "Processing" involves a page-by-page, line-by-line review of the responsive documents to determine which, if any, FOIA and/or Privacy Act exemptions may apply. This includes redaction of the exempt material and notation of the applicable exemption(s) in the margins of each page and/or preparation of deleted page information sheets when pages are withheld in their entirety. During the course of their review, the Disclosure Units consult with other government agencies for their determination as to the releasability of their information contained within FBI records, or refer non-FBI records to those originating agencies for processing and direct response. The Disclosure Units ensure that FOIA and/or Privacy Act exemptions have been applied properly, no releasable material has been withheld, no material meriting protection has been released, all necessary classification reviews have been completed, and other government agency information and/or entire documents originating with other government agencies have been properly handled. The FBI anticipates that the processing of the multi-volume Legat Riyadh file by the Disclosure Units will take

---

[5] The Laboratory file responsive to plaintiff's request has already undergone classification and declassification review, as well as the processing by the Disclosure Units described in the next paragraph of this declaration. At that juncture, it was determined that the non-public source records in the file were exempt pursuant to Exemption 7(A), and that preparation of a detailed <u>Vaughn</u> index with respect to the other exemptions applicable to those records might not be necessary.

6

approximately one month (after completion of the classification and declassification review).

(16)   The Litigation Support Unit ("LSU") is responsible for providing legal support and administrative assistance to the FBI's Office of the General Counsel and the Chief Division Counsels and Assistant Division Counsels in the FBI's field offices in all FOIA/Privacy Act requests that result in federal litigation. The LSU is responsible, in the first instance, for preparation of the <u>Vaughn</u> index declaration. In preparing such a declaration, the LSU reviews the processed records and justifies the deletions of all processed material. LSU justifies the deletions of all processed material by conducting a second review of the records to ensure that all releasable information is provided to the plaintiff. In addition, the LSU evaluates all FOIA exemptions cited on each document for accuracy and consistency. Once this process is complete, LSU inserts within the declaration, a detailed explanation for all exemptions cited and the purpose of the exemption. The deletion justifications include a detailed description of the actual document, why it was withheld, and how disclosure would be inappropriate. Codes are then assigned which describe the exact nature of the deletions. These codes are applied immediately adjacent to the redacted material on the actual document. The text of the <u>Vaughn</u> index is then drafted, which describes the FBI's Central Records System, and the handling of plaintiff's request, explains the codes and the exemptions utilized, and provides a detailed justification for the withholdings and redactions. Copies of the pertinent communications (i.e., FOIA requests and responses) and redacted documents are than prepared. The <u>Vaughn</u> declaration is then reviewed for accuracy of content and for typographical, spelling, grammatical or other errors. Once the declarant has reviewed and signed the document, the declaration and exhibits are scanned onto a CD-Rom in a portable document format (PDF) and electronically sent to the trial attorney's office for court filing. The FBI

currently anticipates that the LSU processing and completion of a <u>Vaughn</u> index with respect to the Laboratory and Legat Riyadh files will take approximately ninety days to complete, once the Disclosure Units complete the processing of the records.

(17)   In conclusion, the FBI anticipates that the further processing of the responsive records withheld to date pursuant to Exemption (b)(7)(A) and the preparation of a detailed <u>Vaughn</u> index describing in detail the additional FOIA exemptions applicable to those records would take a total of approximately 150 days.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of June, 2006.

*[signature]*

DAVID M. HARDY
Section Chief
Record/Information Dissemination Section
Federal Bureau of Investigation
Washington, D.C.

8

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ELISABETH T. KIDDER          )
                             )
    Plaintiff,               )
                             )
        v.                   )          Civil. Action No. 05-CV-01094
                             )
FEDERAL BUREAU OF INVESTIGATION )
    et al.,                  )
                             )
    Defendants.              )

# EXHIBIT A



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535

May 26, 2006

MS. ELISABETH KIDDER
2655D BARRACKS ROAD
CHARLOTTESVILLE, VA 22901

Request No.: 1015542-001
Subject: ALI, AHMED ABU

Dear Ms. Kidder:

Pursuant to your Freedom of Information Act (FOIA) request, enclosed are the public source documents and two cross references.

The remainder of the records reviewed are exempt from disclosure pursuant to Title 5, United States Code, Section 552 (b)(7)(A).

In addition to Title 5, United States Code, Section 552 (b)(7)(A), the records are also exempt pursuant to Title 5, United States Code, Section 552 exemptions (b)(1), (b)(2), (b)(6), (b)(7)(C) and (b)(7)(E).

Sincerely yours,

David M. Hardy
Section Chief,
Record/Information
    Dissemination Section
Records Management Division

Enclosures (3)

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ELISABETH T. KIDDER ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> FEDERAL BUREAU OF INVESTIGATION ) <br> et al., ) <br> ) <br> Defendants. ) | Civil. Action No. 05-CV-01094 |

# EXHIBIT B



U.S. Department of Justice

Federal Bureau of Investigation

Washington, D.C. 20535-0001

June 12, 2006

Ms. Elisabeth Kidder
2655 D Barracks Road
Charlottesville, VA 22901

Request No: 1015542-002
Subject: Ali, Ahmed Abu

Dear Ms. Kidder:

    Pursuant to your Freedom of Information Act (FOIA) request, enclosed are eight pages of public source documents from the FBI Legat Riyadh file on Ahmed Abu Ali. Redactions were made on certain extraneous information on two pages to protect information which is exempt from disclosure pursuant to Title 5, United States Code, Section 552 exemptions (b)(1), (b)(6) and (b)(7)(C).

    In an effort to provide releaseable records as soon as possible, this file was preliminarily reviewed to identify public source documents. This preliminary review indicates that the remainder of the documents are exempt from disclosure pursuant to Title 5, United States Code, Section 552 (b)(7)(A). Preliminary review also indicates that other FOIA exemptions likely apply. These exemptions cannot be definitively stated prior to a page-by-page, line-by-line review.

Sincerely yours,

*David M. Hardy/spt*

David M. Hardy
Section Chief
Records/Information
    Dissemination Section
Records Management Division

Enclosures (2)