Case 1:05-cv-01094-RBW

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

ELISABETH KIDDER
2587 HYDRAULIC ROAD APT C
CHARLOTTESVILLE, VA 22901
(434) 409-0131

PLAINTIFF

v.                                    CIVIL ACTION NO. 1:05-CV-1094 (RBW)

FEDERAL BUREAU OF INVESTIGATION, *ET. AL.*,

DEFENDANTS

### PLAINTIFF'S RESPONSE TO DEFENDANTS' PROPOSED SCHEDULING ORDER AND MOTION FOR A MODIFIED SCHEDULING ORDER

For the reasons set forth below, Plaintiff opposes Defendants' proposed scheduling order attached to their June 15, 2006 Status Report, and respectfully moves for the entry of an order establishing a schedule for Defendant FBI's processing of agency records responsive to Plaintiff's Freedom of Information Act ("FOIA") request concerning Ahmed Abu Ali. A proposed order accompanies this motion.

### BACKGROUND

Plaintiff filed this action on June 2, 2005 following Defendants' failure to timely respond to Plaintiff's January 8, 2005 request for "all records concerning Ahmed Abu Ali, the Falls Church, Virginia resident currently detained in Saudi Arabia." On March 10, 2006, Plaintiff moved for the entry of an order directing Defendant FBI to conduct a good faith, reasonable, and diligent search for all records responsive to Plaintiff's FOIA request and to produce to Plaintiff or specifically identify as exempt from production on a Vaughn index all such records within 30 days.

Case 1:05-cv-01094-RBW

On April 6, 2006, the Court directed Defendants to file their cross-motion for summary judgment by May 31, 2006. Plaintiff agreed, on May 10, 2006, to an extension of the May 31 deadline based upon Defendants' assertion that delivery of responsive records from Legat Riyadh would take 4-6 weeks. Defs.' Mot. For Extension of Time at 2. Defendants assured the court, in their Motion for Extension of Time, that, "[o]nce the file arrive[d] at FBI headquarters, it [would] be forwarded for *expedited* classification review and processing." Id. at 2-3 (emphasis added). The court directed Defendants to file a status report no later than June 15, 2006.

In the Status Report filed on June 15, 2006, Defendants reveal that the FBI received the records responsive to Plaintiff's request from Saudi Arabia on May 12, 2006 – *two days* after the Defendants requested an extension of time based on the 4-6 weeks it would allegedly take to return these records to the United States. See Defs.' Status Report at 2.

Defendants now assert that all records, save a few public source documents, are exempt under 5 U.S.C. § 552(a)(7)(A) – an exemption raised for the first time in Defendants' Status Report - and seek to further delay ultimate resolution of this matter by briefing this exemption separately. For the reasons detailed below, Plaintiff objects to this proposal.

Despite Defendants' promise of "expedited" processing of the requested records (see Defs.' Mot. For Ext. of Time at 2-3), Defendants now ask the Court for an additional 150 days to fully complete the processing of Plaintiff's FOIA request. Given the statutory mandate to process the responsive material "as soon as practicable," 5 U.S.C. § 552(a)(6)(E)(iii), it is entirely unreasonable for the Defendants to request an additional

Case 1:05-cv-01094-RBW

five months to complete this task. Plaintiff objects to Defendants' timetable, and asks the

Court to enter the attached scheduling order.

## ANALYSIS

### A. Plaintiff objects to Defendants' proposal to brief FOIA exemptions one at a time.

Defendants ask the Court's permission to brief Exemption 7(A), without

simultaneously arguing other claimed exemptions. See Defs.' Status Report at 3.

Defendants also request an anti-waiver provision, such that if the Court were to find that

7(A) did not excuse Defendants' refusal to turn over records, Defendants would then be

able to take another 'swing at the piñata' and argue a series of fallback exemptions held

in reserve.[1] Id.

In the context of the FOIA, the government is *required* to bring forward all

defenses at once during the district court proceedings. See Maydak v. United States Dep't

of Justice, 218 F.3d 760, 764-65 (D.C. Cir. 2000) ("We have plainly and repeatedly told

the government that, as a general rule, it must assert all exemptions at the same time, in

the original district court proceedings."). This rule is essential in the context of the FOIA

because of its unique statutory purposes. Id. at 765 (citing Senate of Puerto Rico v.

United States Dep't of Justice, 823 F.2d 574, 580 (D.C. Cir. 1987) (the FOIA's purpose is

the "efficient, prompt, and full disclosure of information"); Judicial Watch, Inc. v. United

States Dept. of Energy, 319 F. Supp. 2d 32, 35 (D.D.C. 2004) ("The interests of judicial

finality and economy have special force in the FOIA context, because the statutory goals

---

[1] Defendants' proposal to string out this litigation is consistent with its position in a long line of FOIA cases. In Maydak, the Department of Justice also argued that the 7(A) issue be litigated first, and if rejected, the Department could then cite additional exemptions. This strategy was firmly rejected. Maydak, 218 F.3d at 766 ("In the DOJ's view, after the government or the courts conclude that Exemption 7(A) is inapplicable, then the government should be allowed to start back at the beginning in assessing the applicability of and satisfying its burden under other exemptions. We disagree.").

Case 1:05-cv-01094-RBW

- efficient, prompt, and full disclosure of information - can be frustrated by agency actions that operate to delay the ultimate resolution of the disclosure request."); <u>Public Citizen, Inc. v. Dep't of Education</u>, 292 F. Supp. 2d 1, 5 (D.D.C. 2003) ("[A]llowing an agency to assert its exemption claims at different times during the course of litigation frustrates the efficient and prompt administration of FOIA.").

The scheduling order before the Court is an attempt by the Defendants to circumvent <u>Maydak</u>. Defendants' proposal to brief only the 7(A) exemption and their request for an anti-waiver provision is an attempt to further delay complete processing of Plaintiff's FOIA request. <u>See</u> Defs.' Status Update, at 5, 6. Defendants' proposal to brief Exemption 7(A) first is contrary to the FOIA's emphasis on prompt disclosure and should be rejected.

**B. Defendants' timetable is unreasonable**

Even in the event that the Court agrees to Defendants' proposal to brief the 7(A) issue by itself, Defendants' proposed briefing schedule is obscenely long, stretching through September 22, nearly three months from now. Defendants' reliance on Ahmed Abu Ali's appeal of his criminal conviction to support the additional time requested in their proposed schedule is unjustified.

Defendants did not cite Exemption 7(A) during the administrative process, nor did they cite it in their Answer, Opposition to Plaintiff's Motion for Summary Judgment, or any other filing prior to their Status Update of June 15, 2006 - despite the fact that the criminal case against Ahmed Abu Ali—the grounds upon which Defendants are claiming the exemption—was ongoing throughout the administrative process and this case.[2]

---

[2] The FBI received Plaintiff's FOIA request on January 8, 2005. Ahmed Abu Ali was indicted on February 3, 2005. Plaintiff filed this action on June 6, 2005. Ahmed Abu Ali was convicted on November 22, 2005.

Case 1:05-cv-01094-RBW

Furthermore, Defendants Status Report implies that they discovered that Ahmed Abu Ali was appealing his criminal conviction sometime during the processing of the "laboratory file," and that this determination resulted in them belatedly raising Exemption 7(A). See Defs.' Status Report at 1. However, Ahmed Abu Ali's appeal was not a "May surprise" to Defendants. Following Mr. Abu Ali's conviction in November 2005 - prior to Defendants filing their Answer - it was widely publicized that Mr. Abu Ali would be appealing his conviction.[3]  Moreover, Mr. Abu Ali filed notice of appeal from sentencing and judgment on April 5, 2006. See Docket Entry 394 to USA v. Abu Ali, No. #1:05-cr-00053-GBL-1. More than a month prior to Defendants' request for additional time, Defendant DOJ had *actual* knowledge of the pendency of Mr. Abu Ali's appeal.

Defendants claim that, if the Court allows them to brief only the 7(A) issue, the FBI requires 36 *additional* days to complete the "expedited" processing of the records that they received on May 12, 2006. This is a clear violation of the FOIA's mandate requiring an agency to process an expedited FOIA request, "as soon as practicable." See Elec. Privacy Info. Ctr. v. DOJ, 416 F. Supp. 2d 30, 39 (D.D.C. 2006) (" [A]n agency that violates the twenty-day deadline applicable to standard FOIA requests presumptively also fails to process an expedited request 'as soon as practicable.' That is, a *prima facie* showing of agency delay exists when an agency fails to process an expedited FOIA request within the time limit applicable to standard FOIA requests.").

Defendants assert that they may satisfy their burden under 7(A) by merely "providing declarations that 'group[] the requested records into categories and offer[]

---

[3] See e.g. David Stout, Student From Virginia Is Convicted of Plotting With Al Qaeda to Assassinate Bush, NY TIMES, Nov. 23, 2005, at A20 (emphasis added). ("[Abu Ali's] defense lawyer vowed to appeal."); Jerry Markon, Va. Man Convicted In Plot to Kill Bush; Defendant Claimed Confession Coerced, WASH. POST, Nov. 23, 2005, at A01 ("Defense attorneys also indicated that they plan to appeal").

Case 1:05-cv-01094-RBW

generic reasons for withholding the documents in each.'" Defs.' Status Report at 3 (citing

Maydak, 218 F.3d at 763).  Determining generic reasons for withholding under 7(A)

could not take more than a few hours, and certainly not the 70 days the FBI estimated.

## CONCLUSION

On May 8, 2006 Plaintiff informed Defendants' council that email is the best

method to use to contact her. Defendant did not attempt to consult Plaintiff via email

prior to filing the proposed order attached to Defendants' June 15, 2006 Status Report.

Plaintiff urges the Court to require Defendants to brief all claimed exemptions at

once. Plaintiff believes that two weeks is an adequate amount of time for the FBI to

complete processing Plaintiff's FOIA request, especially considering that the FBI has had

this FOIA request on its back burner since January of 2005, and has already been granted

an extension. Defendants have not attempted to present any evidence that processing

Plaintiff's FOIA request within a period shorter than 150 days is impracticable. Nowhere

in Defendants' Status Report does Defendant identify the number of records that must be

reviewed, nor do they report the number of FBI employees assigned to the processing of

Plaintiff's request. However, Plaintiff believes that such a schedule is clearly practicable

and would not impose an undue burden on Defendants. Indeed, Plaintiff's proposed

schedule is extremely generous given the FOIA's mandate for expedited processing and

the FBI's delay to date.

Respectfully Submitted this 28 day of June, 2006.

_____/s/_____
Elisabeth Kidder
2587 Hydraulic Road Apt C
Charlottesville, VA 22901