IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELISABETH T. KIDDER, <br><br> Plaintiff, <br><br> v. <br><br> FEDERAL BUREAU OF INVESTIGATION, et al., <br><br> Defendants. | No. 05-CV-01094 (RBW) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION
FOR EXPEDITED CLARIFICATION OR, IN THE ALTERNATIVE,
MODIFICATION OF THE JUNE 29, 2006 ORDER**

**BACKGROUND**

On June 15, 2006, Defendants filed a Status Report in this matter in which they described the release to Plaintiff of certain records responsive to Plaintiff's FOIA request, and proposed filing a motion for summary judgment addressing the applicability of FOIA Exemption 7(A) to those records that had been withheld in their entirety from Plaintiff. See Defendants' Status Report (Dkt. 22) at 1-3.[1] On July 6, 2006, the Court adopted Defendants' proposal and entered a scheduling order requiring Defendants to file a motion for summary judgment "on the applicability of Exemption 7(A)" by August 11, 2006. Order, July 6, 2006.[2] The Order expressly provided that the "filing of this summary judgment motion by defendants shall not constitute a waiver of any claim that additional FOIA Exemptions other than Exemption 7(A)

---

[1] Although not noted in the Status Report, some of the records released to Plaintiff had some information redacted pursuant to FOIA Exemptions 1, 2, 6 and 7(C).

[2] Plaintiff's Motion erroneously refers to a June 29, 2006 Order. Presumably, she is referring to the July 6 Order.

apply *to the records at issue*." Id. (emphasis added).

In compliance with the Court's Order, Defendants filed their Motion for Summary Judgment on August 11, 2006. Defendants' motion: (a) argues that the FBI is not a proper Defendant in this case, (b) demonstrates that the FBI conducted an adequate search for records responsive to Plaintiff's FOIA request, (c) demonstrates the applicability of FOIA Exemption 7(A) to *those records withheld in their entirety from Plaintiff*, and (d) demonstrates the applicability of FOIA Exemptions 1, 2, 6, and 7(C) to *the information redacted* from some of the records previously released to Plaintiff.

Plaintiff has now filed a Motion for Clarification seeking either an order allowing Plaintiff to "disregard" Defendants' assertion of Exemptions 1, 2, 6, and 7(C), Pl. Motion at 1-2, or, alternatively, an extension of time in which to respond to Defendants' Motion and an order that Defendants have waived "any claim that additional FOIA exemptions beyond 1, 2, 6, 7(A) and 7(C) apply," id. at 2. Plaintiff's Motion is predicated on the misleading premise that Defendants have somehow improperly relied on FOIA Exemptions 1, 2, 6, and 7(C) in support of withholding those records that had been withheld from Plaintiff in their entirety.

**ARGUMENT**

As is evident from the face of Defendants' Motion, Defendants have relied solely upon Exemption 7(A) in support of withholding from Plaintiff those records that have been withheld in their entirety. See Statement of Points and Auth. in Support of Defs. Mot. for Summ. J. ("Defs. Br.") at 12-24. Indeed, the caption of that portion of Defendants' brief reads: "The FBI Properly Withheld Responsive Records in their Entirety Pursuant to Exemption 7(A)." Id. at 12. A fair reading of Defendants' Status Report similarly makes clear that it is with respect to those

2

records that Defendants intended to assert Exemption 7(A). Thus, the Status Report describes how two cross-reference documents and the public source documents from the Laboratory file were provided to Plaintiff by letter dated May 26, 2006, and states that "the *remaining records* from the Laboratory file were . . . withheld pursuant to FOIA Exemption 7(A)." Status Report at 1-2 (emphasis added). Similarly, the Status Report states that eight pages of public source documents were released to Plaintiff from the multi-volume Legat Riyadh file by letter dated June 12, 2006, and that the "*remaining records* in the Legat Riyadh file are exempt from disclosure pursuant to FOIA Exemption 7(A)." Id. at 2 (emphasis added). Moreover, the rationale for briefing solely the applicability of Exemption 7(A) to the records withheld in their entirety was to save the resources involved in preparing a detailed *Vaughn* index for those records. See id. at 3-6.

Although not referenced in Defendants' Status Report or the Court's July 6, 2006 Order, the documents previously released to Plaintiff had some information redacted from them pursuant to FOIA Exemptions 1, 2, 6 and 7(C).[3] In the interest of completeness, and to prevent Plaintiff from arguing that Defendants somehow waived their right to rely on these Exemptions in support of the redactions, Defendants' Motion addresses the propriety of these redactions and, essentially, provides a *Vaughn* index describing the redactions. See Defs. Br. at 24-34; Fourth Hardy Decl., ¶¶ 51-79. As the Motion makes abundantly clear, these Exemptions are invoked at this time solely in support of the redactions made to the records released to Plaintiff, and not in support of those documents withheld in their entirety pursuant to Exemption 7(A).

---

[3] Plaintiff, of course, was aware of such redactions, as they were clearly marked on the documents she received.

Plaintiff's argument that Defendants' inclusion of these matters in their Motion was somehow improper should be rejected. To the contrary, Defendants have complied with both the letter and the spirit of the Court's July 6 Order by filing a properly supported summary judgment motion that demonstrates Defendants' entitlement to the entry of final judgment in their favor.[4] It is clear that Defendants' Status Report and the Court's July 6 Order were both intended to address the question of whether Defendants had to completely process all of the records withheld from Plaintiff or could instead initially rely on Exemption 7(A) in support of withholding those records from Plaintiff in their entirety. That Defendants also addressed the propriety of the redactions made to those documents previously released to Plaintiff in no way undermines Defendants' reliance on Exemption 7(A) with respect to the withheld records.

For these reasons, Plaintiff's Motion for Clarification should be denied. While Defendants do not oppose Plaintiffs' request for an extension of time in which respond to Defendants' Motion, there is no basis for the other relief sought by Plaintiff.

Dated: August 21, 2006.              Respectfully submitted,

                                     PETER D. KEISLER
                                     Assistant Attorney General

                                     KENNETH L. WAINSTEIN
                                     United States Attorney

                                     ELIZABETH SHAPIRO
                                     Assistant Branch Director


                                     _____/s/_____
                                     ORI LEV  (D.C. Bar No. 452565)

---

[4] Thus, for example, Defendants have addressed the adequacy of their search for responsive records although that is not referenced in the Court's July 6 Order.

Senior Trial Counsel
U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:   P.O. Box 883
        Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
        Room 7330
        Washington, DC  20001
Ph:     (202) 514-2395
Fax:    (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants*