IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| ELISABETH T. KIDDER,<br><br>          Plaintiff,<br><br>    v.<br><br>FEDERAL BUREAU OF INVESTIGATION, et al.,<br><br>          Defendants. | )<br>)<br>)<br>)<br>)<br>)  No. 05-CV-01094 (RBW)<br>)<br>)<br>)<br>)<br>)<br>) |

**STATUS REPORT**

Defendants hereby file this Status Report, and the accompanying Sixth Declaration of David M. Hardy, to update the Court with respect to defendants' search for additional records responsive to plaintiffs' Freedom of Information Act ("FOIA") request.

As the Court is aware, on August 11, 2006, defendants filed a motion for summary judgment in this matter. That motion addressed the adequacy of defendants' search for responsive records, the basis for the redactions made to the records released to plaintiff, and, in accordance with the Court's Order of June 29, 2006 (entered on July 6, 2006), the propriety of withholding the vast majority of responsive records pursuant to FOIA Exemption 7(A). See Defendants' Motion for Summary Judgment (Docket No. 21).

Plaintiff filed her opposition to defendants' motion on October 1, 2006. Among other things, plaintiff challenged the scope of the manual search for responsive records conducted by defendants on the grounds that the manual search was limited to records "that would normally be uploaded or serialized into the Central Records System." Mem. of Points. and Auth. in Opp. to Defs' Mot. for Summ. J. (Docket No. 29) at 11.

On October 20, 2006, defendants filed their reply in further support of their motion. In addition to explaining why defendants' search was adequate, defendants informed the Court that:

> the FBI has now gone back to the individuals previously identified as likely to have responsive records and asked them whether they have any records regarding Mr. Abu Ali, regardless of whether such records would normally be serialized or uploaded into [the Central Records System]. [Fifth Hardy Declaration], ¶ 7. To date, at least one such individual has indicated that he may have additional responsive records in his possession. Id. Once the FBI identifies the scope of any responsive records, defendants will promptly file a declaration with the Court setting forth the anticipated time frame for completion of the processing of any such records.

Defs' Reply (Docket No. 36) at 3-4. This Status Report constitutes that filing.

As set forth in the attached Sixth Declaration of David M. Hardy ("Sixth Hardy Decl."), the FBI sent a follow-up e-mail to FBI headquarters individuals likely to have records responsive to plaintiff's FOIA request, asking them to provide any records (including e-mails) regarding Ahmed Abu Ali that were not provided in response to the initial manual search. Sixth Hardy Decl., ¶ 5. Recipients of the e-mail were specifically asked to provide records that would not be normally serialized or uploaded into the Central Records System (CRS). Id. The FBI continued this search until December 14, 2006, when all recipients of the e-mail had either responded negatively or provided all relevant records in their possession. Id.[1] In this manner, a total of approximately 5,709 additional pages of responsive records were identified and collected. Id. Upon receipt, FBI headquarters personnel promptly reviewed these records to ascertain if FOIA Exemption 7(A) applied to them. Id. It was determined that Exemption 7(A) applied to some, but not all, the records, requiring more detailed review and processing of records for possible

---

[1] The delay in compiling all responsive records was caused in part by the extended absence from the office of several of the individuals with responsive records. Id.

release.  Id.  Accordingly, the FBI is currently processing these records.

The FBI currently anticipates that it will take approximately 180 days to process the nearly 6,000 pages of additional records responsive to plaintiff's request.  Id., ¶ 8.  As processing commenced on January 8, 2007, shortly after the search for additional responsive records was completed, the FBI currently anticipates that processing of these additional responsive records should be concluded by July 16, 2007.  Id.

The Sixth Hardy Declaration provides the basis for this time estimate.  See id., ¶¶ 6-26.  In addition to the large number of records responsive to plaintiff's request, two significant factors impact on the FBI's ability to process these recently located records: (a) a physical relocation of a portion of the FBI Record Management Division's personnel and resources from FBI headquarters to an off-site location in Winchester, Virginia; and (b) several urgent and competing litigation deadlines.  Id., ¶ 9.  The relocation process has resulted in a significant understaffing of the FBI's FOIA processing unit, and the other litigation deadlines are placing an extraordinary burden on those already strained resources.  Both of these factors, and the strains they are placing on the FBI's FOIA processing capabilities, are described in greater detail in the Sixth Hardy Declaration.  Id., ¶¶ 10-19.

Notwithstanding these factors, the FBI is expediting the processing of the remaining records responsive to plaintiff's request.  Although the large number of pages of additional records responsive to the request places it in the "large request queue" in the FBI's multi-track processing system, the request has been placed in the front of that queue.  Id., ¶¶ 6-7.  In addition, the FBI has assigned three Legal Administrative Specialists to the classification review of the records at issue, and will continue this level of staffing support to the extent possible, depending

on future competing workload, in order to expedite the classification review of the 5,709 pages. Id., ¶ 21. The 5,709 pages have been divided into 32 volumes, and to date, the FBI has completed its classification review of three of the volumes and has forwarded them for further for processing. Id., ¶¶ 21-22.

As explained in the prior declarations filed by defendants, the next step in the processing of responsive records is the line-by-line and page-by-page review of the records for exempt information, and the redaction and coding of those records. Id., ¶ 23. The FBI has designated up to eight Legal Administrative Specialists to process the volumes on a full-time basis, depending on the flow of volumes from classification review. Id. As the processing of the volumes is completed, release of individual volumes to the plaintiff will be made on a rolling basis. Id.

Defendants also note that the responsive records consist of strings of e-mails and e-mail attachments. Id., ¶ 24. Experience has proven that these types of records require meticulous and careful processing, which is more time-consuming than processing typical records found in FBI investigative files, and this has been factored into the FBI's time estimate for the completion of processing. Id. In addition, every proposed release package must also be reviewed by the division which has substantive equities in the material – in this case, the FBI's Office of the General Counsel – to ensure that no processing errors were made and that no improper disclosures are made which may impact upon pending or future investigations. Id.

Once processing is complete, the FBI will prepare a sample Vaughn declaration to support its claimed exemptions. Id. The FBI can most accurately estimate how long it will take to complete a sample Vaughn declaration after processing is completed, and defendants will provide a follow-up status report to the Court and plaintiff at that time. Id.

Finally, defendants take this opportunity to inform the Court that plaintiff's request for a fee waiver was recently denied by the FBI. Id., ¶ 27 and Attachment A thereto. Plaintiff has requested that she be advised if the fees for processing responsive records exceed $20.00 in the event that her fee waiver request is denied. Id. The fees for processing the 5,709 pages of additional responsive records could total up to $560.90 if all additional responsive pages are released. Id. (There is no charge for the first 100 pages; the remaining 5,609 pages cost 10 cents each for copying. Id.) In the event that it becomes evident that there will be more than 300 pages of releasable records (at which point copying costs would exceed the $20.00 plaintiff has agreed to pay), the FBI will so notify plaintiff to determine if she is willing to incur the additional duplication expenses. Id. Defendants bring this matter to the Court's attention solely for keeping the Court fully apprised of events relevant to this litigation.

Defendants' motion for summary judgment remains ripe for decision insofar as it relates to the adequacy of defendants' search for responsive records and the propriety of the exemptions claimed to date.

Dated: January 22, 2007.    Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

JEFFREY A. TAYLOR
United States Attorney

ELIZABETH SHAPIRO
Assistant Branch Director

                    /s/
ORI LEV (D.C. Bar No. 452565)
Senior Trial Counsel

U.S. Department of Justice
Civil Division/Federal Programs Branch
Mail:   P.O. Box 883
        Washington, D.C.  20044
Street: 20 Massachusetts Ave., N.W.
        Room 7330
        Washington, DC  20001
Ph:     (202) 514-2395
Fax:    (202) 318-7589
Email: ori.lev@usdoj.gov

*Attorneys for Defendants*