Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Elisabeth Kidder
2587 Hydraulic Road Apt C
Charlottesville, Va 22901
(434) 409-0131

Civil Action No. 1:05-Cv-1094 (RBW)

Federal Bureau Of Investigation
9th and Pennsylvania Avenue, N.W.
Washington, D.C. 20535

Department Of Justice
950 Pennsylvania Avenue, N.W.
Washington Dc 20530

**PLAINTIFF'S SURREPLY TO DEFENDANTS' REPLY IN FURTHER
SUPPORT OF THEIR MOTION FOR SUMMARY JUDGMENT**

In response to Plaintiff's Opposition to Defendants' Motion for Summary Judgment, Defendants searched the Electronic Surveillance ("ELSUR") indices of the Federal Bureau of Investigation ("FBI"). See Defs.' Reply at 9. Defendants uncovered additional responsive records (the "ELSUR records"), but are withholding them from Plaintiff, citing Exemption 7(A) of the Freedom of Information Act, 5 U.S.C. §552 ("FOIA"). Id.

Defendants cannot withhold the ELSUR records in their entirety pursuant to Exemption 7(A), however, because (1) some or all of the information contained in the records is already in the public domain; (2) the government has not met its burden under the FOIA of showing that production of the records can reasonably be expected to interfere with enforcement proceedings; and (3) the Defendants failed to conduct a segregability analysis of the responsive records. For these reasons, and because the

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

government has indicated that additional responsive records probably exist, this Court should deny the Defendants' Motion for Summary Judgment and order the FBI to release all records, including the recently uncovered ELSUR records, to Plaintiff.

**I. The information contained in the ELSUR record is in the public domain**

Defendants cite exemption 7(A) to justify withholding all ELSUR records in their entirety. See 5th Hardy Decl. at 6. Defendants cannot properly withhold the ELSUR records in their entirety, however, because at least some of the information contained in these records is already in the public domain. Plaintiff demonstrated this in her affidavit, where she cited to copies of translations of FISA recordings prepared by the FBI that are located in the Abu Ali case file maintained at the United States District Court for the Eastern District of Virginia. See Exhibit A to Pls. Opp. to Defs. Mot. for Summ. J. at 4-5 (citing documents attached to docket no. 253 of the Abu Ali record). In her affidavit, Plaintiff cites to records in the case file, and therefore in the public domain, that duplicate the information withheld by Defendants, including the legal authority for the electronic surveillance, the dates of the surveillance, the file numbers associated with the surveillance, the names of the individuals recorded, transcripts of the recordings, and other information. See Ex. A to Pls. Opp. to Defs. Mot. for Summ. J. at 4-5.

Defendants contend that Plaintiff relies solely on "a list of evidence that the government intends to or might introduce at trial," and argue that the Plaintiff has not met her burden of demonstrating that the information withheld is in the public domain because "such a list does no more than demonstrate that some of the material listed might have been publicly disclosed." See Defs. Reply at 21. The Defendants' argument reflects

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

a misunderstanding of this circuit's caselaw on the public domain doctrine.[1] As explained in <u>Cottone v. Reno</u>, "by no means did <u>Davis</u> purport to establish a uniform, inflexible rule requiring every public-domain claim to be substantiated with a hard copy simulacrum of the sought-after material." <u>Cottone v. Reno</u>, 338 U.S. App. D.C. 270 (D.C. Cir. 1999). The Defendants' argument also mischaracterizes the evidence submitted by Plaintiff.

    First, with regard to the exhibit lists, many of the records on the lists are marked "previously admitted into evidence," conclusively proving that the records are in the public domain. <u>See</u> Ex. C and D to Pls. Opp. to Defs. Mot. for Summ. J. Second, the suppression hearing exhibit list has check marks next to the exhibits that were admitted into evidence, including CD recordings and transcripts of FISA calls. <u>See</u> Ex. C to Pls. Opp. to Defs. Mot. for Summ. J. at 3-4. Finally, Plaintiff also submitted an affidavit in which she cited to portions of the Abu Ali case file that contain copies of documents falling within the scope of Plaintiff's FOIA request. <u>See</u> Ex. A to Pls. Opp. to Defs. Mot. for Summ. J. at 4-6.

    The evidence submitted by Plaintiff clearly satisfies her burden of showing specific records that duplicate the information she has requested from the FBI. However, should the Court require further submissions, Plaintiff will of course provide them.

    Based on Defendants' description of the ELSUR records, <u>see</u> Defs. Reply at 10, most or all of their contents are duplicated by information already made public by the Defendants during their prosecution of Abu Ali. For this reason, the ELSUR records must be released to Plaintiff.

---

[1] Courts in other circuits have found exhibit lists to be sufficient. For example, in discussing the history of the case at bar in <u>Davoudlarian v. Department of Justice</u>, the Circuit Court notes that the lower court ordered the FBI to release an autopsy report "which it had determined from the exhibit list offered by the plaintiff was disclosed in the civil trial." 32 F.3d 562, 1994 U.S. App. LEXIS 21787, 8 (4th Cir. 1994).

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

## II. Defendants have not met their burden for withholding ELSUR records under Exemption 7(A)

### A. The Hardy Declaration is inadmissible

Defendants cannot meet their Exemption 7(A) burden relying solely on the declaration of David Hardy because his affidavit is not derived from personal knowledge of the Abu Ali investigation or criminal case. Plaintiff set out this argument in detail in her Opposition to Defendants' Motion for Summary Judgment, see Pl.'s Opp at 19-20, and adopts this reasoning by reference as it applies to the ELSUR records. While Mr. Hardy is competent to testify to the ELSUR search performed by the FBI, he merely speculates as to the potential harm in releasing to Plaintiff the records sought. Because the Defendants have not submitted an affidavit from an appropriately qualified FBI official, or any other evidence to support the FBI's decision to withhold the ELSUR records, Defendants have not met their burden under the FOIA and are not entitled to summary judgment.

### B. Even if the Court finds that the Hardy Declaration is admissible, Defendants are not entitled to summary judgment because they have not shown that production of the records can reasonably be expected to interfere with Mr. Abu Ali's appeal of his criminal conviction

To the extent that the court finds Mr. Hardy's declaration admissible, Plaintiff separately addresses each anticipated harm alleged by Defendants in the Fifth Hardy Declaration. Defendants have not met their burden of showing that release of these records can reasonably be expected to interfere with enforcement proceedings for the following reasons:

Mr. Hardy states that "release of the ELSUR records would reveal the scope, focus, location, target and capabilities of the FBI's intelligence gathering techniques,"

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

and alleges that "the disclosure of this information could reasonably be expected to cause serious damage to the national security and severely damage the FBI's efforts to detect and apprehend violators of the United States' national security and criminal laws." Fifth Hardy Decl. at ¶ 21. This alleged harm is not relevant to Exemption 7(A) and should not be considered by the Court in analyzing the propriety of the government's 7(A) withholdings.

There is no connection between this alleged harm and Mr. Abu Ali's criminal appeal. Therefore, it is legally inapposite to exemption 7(A), which concerns only "interference with enforcement proceedings." 5 U.S.C. § 552(b)(7)(A). To withhold records for this reason, Defendants must invoke Exemption 7(E) of the FOIA, which exempts "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information…would disclose techniques and procedures for law enforcement investigations or prosecutions, or would disclose guidelines for law enforcement investigations or prosecutions if such disclosure could reasonably be expected to risk circumvention of the law." 5 U.S.C. 552(b)(7)(E).

Because Defendants requested that their summary judgment motion be limited to Exemption 7(A), Mr. Hardy's first harm should be ignored.

The remaining four enumerated harms alleged by Mr. Hardy are addressed in turn below.

### 1. Intimidation of potential witnesses and persons involved in the investigation

Mr. Hardy's first enumerated harm is unpersuasive because the witnesses involved in the Abu Ali investigation–most of whom were FBI agents–already testified in

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

open court during the criminal trial of Abu Ali. Since their identities and testimony are already in the public domain, the Defendants cannot credibly claim that releasing the responsive records to Plaintiff could reasonably expected to interfere with Mr. Abu Ali's appeal of his criminal conviction in this way.

### 2. Use of information to counter evidence or create false evidence

It is highly improbable that release of responsive records will lead to the creation of false evidence because the information contained in these records was already used as evidence in the public trial of Abu Ali. As detailed below, the Defendants have already made public the identities of all individuals who were targets in the Abu Ali investigation. They have also already made public the evidence collected during the investigation, including the details of their electronic surveillance that they now refuse to release to Plaintiff.

### 3. Use of information to assess likelihood of investigation or prosecution

Mr. Hardy's third enumerated harm is that individuals may come to learn of the FBI's interest in them. This is alleged harm is irrelevant to Exemption 7(A) because it does not concern interference with the enforcement proceeding identified by the Defendants, Mr. Abu Ali's criminal appeal. Furthermore, the individuals who were subjects of the FBI investigation of Mr. Abu Ali have already been publicly identified. See Ex. A to Pls. Opp. to Defs. Mot. for Summ. J. at 3 (letter in court records identifying the names and aliases of all "unindicted coconspirators" of Mr. Abu Ali); Id. at 6 (describing memorandum in court records from the Saudi Mabahith to the FBI with "summary of the interrogation with every member in Al-Faqassi's cell associated with Abu Ali."); see also United States v. Abu Ali, 2006 U.S. Dist. LEXIS 29461 (E.D. Va.,

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

Apr. 17, 2006), Ex. F to Pls. Opp. to Defs. Mot. for Summ. J. at 4, 7 (United States District Judge Gerald Bruce Lee, who presided over Ahmed Abu Ali's criminal case, states that, "[t]here was no evidence offered at the trial that Mr. Abu Ali had accomplices in the United States" and that "there is no evidence that there were other co-conspirators in the United States."). The identities of all "potential targets" are in the public domain.

### 4. Use of information to identify locations where the FBI is investigating

Mr. Hardy's fourth alleged harm makes no mention of any enforcement proceeding, past present or future. Therefore, it is not an appropriate argument under Exemption 7(A). Regardless, since the Defendants already made public the details of their electronic surveillance in the Abu Ali investigation and made public the identities of other targets of the investigation, it is highly improbable that any previously unknown locations of interest will be identified.

For these reasons, the Fifth Hardy declaration is insufficient to sustain the government's burden under Exemption 7(A) of the FOIA. The government is not entitled to summary judgment, and the ELSUR records should be released to the plaintiff.

## III. Defendants are not entitled to summary judgment because they have failed to release reasonably segregable portions of the ELSUR records

The government must release "[a]ny reasonably segregable portion of a record … after deletion of the portions which are exempt." 5 USCS § 552(b); See Judicial Watch, Inc. v. United States Dep't of Commerce, 337 F. Supp. 2d 146, 161-162 (D.D.C. 2004). Plaintiff presented this argument in detail in her Opposition, see Pl. Opp. at 31-32, and incorporates it by reference with regard to the ELSUR records.

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

Although Mr. Hardy claims that "all of the information withheld…is exempt" and that "[t]here is no additional reasonably segregable portion of any document which can be released at this time," this argument is clearly not made in good faith because so much information about the electronic surveillance of Mr. Abu Ali has been released into the public domain.

**IV. Defendants are not entitled to summary judgment because they have indicated that additional responsive records may exist**

The FOIA requires the FBI to release all records responsive to the Plaintiff's except those protected from disclosure by an enumerated exemption. The agency has the burden of proving that "each document that falls within the class requested either has been produced, is unidentifiable, or is wholly exempt from the Act's inspection requirements." Goland v. CIA, 607 F.2d 339, 352 (D.C. Cir. 1978), cert. denied, 445 U.S. 927, 100 S. Ct. 1312, 63 L. Ed. 2d 759 (1980) (internal citation omitted).

The FBI has admitted that they "may have additional responsive records" that have not been accounted for. See Fifth Hardy Decl. ¶ 7. Therefore, Defendants have not proved that all of the records requested have been produced, are unidentifiable, or are wholly exempt. Because Defendants have not met their burden under the FOIA, and for the reasons discussed in Plaintiff's Motion for Summary Judgment, Reply, and Opposition to Defendants Motion for Summary Judgment, Defendants' Motion for Summary Judgment should be denied.

Pl.'s Surreply to Defs. Reply in Further Support of Mot. for Summ. J.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed on October 27, 2006 in Charlottesville, Virginia.

Respectfully Submitted,

_____
Elisabeth Kidder
2587 Hydraulic Road Apt C
Charlottesville, VA 22901